### ROBISON et al. v. HAMM.

No. 26650.   Jan. 26, 1937.

Erwin & Erwin, for plaintiffs in error.

Jarrett & Jarrett, for defendant in error.

PER CURIAM. The parties will be referred to as their names appeared in the trial court. Plaintiffs in error, who were plaintiffs below, brought this suit (1) for the recovery of usury; (2) for damages alleged to be due for taking illegal possession of real estate under void receivership; (3) to set aside foreclosure sale; (4) for redemption from foreclosure sale, all as set forth in their petition. (R. 3 to 19, inc.)

To the plaintiffs' petition, the defendant filed demurrers to each of the alleged causes of action, and likewise a general demurrer to the whole petition. Likewise the defendant demurred on the ground that the petition, upon its face, shows that the plaintiffs' suit is in part predicated upon a prior judgment rendered in said court.

The plaintiffs' petition covers and includes all of their alleged causes of action, but the petition does not paragraph each clause separately.

Plaintiffs' brief (pages not numbered) make one assignment of error, but counsel groups their argument under four propositions (so-called), following the assignment, under heads as above indicated. We believe that the above statement is sufficient to indicate the status of the proceeding intended to be reviewed in this court.

The case so brought in the district court of Lincoln county involves to a large extent proceedings in a prior suit between the same parties in said court in which defendant, W. F. Hamm, was the plaintiff in a foreclosure suit against the two plaintiffs as defendants.

The petition in the case at bar substantially alleges that on July 7, 1927, plaintiffs were the fee-simple owners of real estate located in said county, which is described.

That on said date they executed their

note to the defendant for $2,000 payable in five years after date, and to secure same executed their mortgage to the defendant on their real estate as therein described, and:

"That in making said loan the defendant intentionally, knowingly and unlawfully reserved and charged a greater rate of interest for the loan of said money than at the rate of 10 per cent. per annum, and knowingly, intentionally, and unlawfully charged and reserved as interest on said loan from the defendant 10 per cent. per annum interest compounded semi-annually in the event of any default in the performance of the terms and provisions of said mortgage by the plaintiffs; that by reason of the said unlawful, excessive, and usurious interest charged under said note and mortgage, and in the manner hereinbefore stated, the defendant forfeited to the plaintiffs twice the amount of all interest charged and reserved on the said note and mortgage. That a copy of said note, and mortgage are hereto attached as exhibit 'A' and 'B' for the purpose of identification, inspection, consideration, and cancel'ation."

Plaintiffs further allege:

"That thereafter and prior to February 29, 1932, these plaintiffs paid the defendant on said note and mortgage the total sum of $656, but the plaintiffs are unable to give the exact dates and amounts of said payments, except that $100 was paid July 7, 1930."

Plaintiffs further allege that on February 29, 1932, the defendant in case No. 11000 began suit against plaintiffs for personal judgment on said note and for foreclosure of mortgage on real estate, and that defendant in said suit claimed usurious interest at the rate of 16 per cent. per annum on said note and mortgage from the 7th day of January, 1931, to the 7th day of January, 1932: that said defendant alleged in said petition that there had been a breach of the conditions of the note and mortgage sued on by failure to pay unlawful interest charges: thereby it is claimed that defendant had asserted his election to increase the interest rate on said obligation to 10 per cent. compounded semi-annually from the date of the institution of said action, and that the defendant by the allegations so contained and his election under the terms of said mortgage, had again knowingly, intentionally, and unlawfully charged and reserved an illegal, excessive, and usurious interest on said note and mortgage in vio'ation of the statutes of the state of Oklahoma.

As a further essential to the proposition now under consideration, it is necessary to refer to the note and mortgage which were sued upon in said foreclosure suit. The pertinent part of the note is:

"Chandler, Oklahoma, July 7, 1927
"$2,000.00

"Five years after date, after date, for value received we promise to pay to the order of W. F. Hamm, at Davenport, Oklahoma, Two Thousand and No/100 Dollars with interest at eight per cent. per annum from date payable semi-annually."

The mortgage bears date of July 7, 1927, and in express terms was given to secure the payment of said note.

It further provides that the mortgagors, J. E. Robison and Mary E. Robison, plaintiffs in this case, agreed to pay all taxes and assessments on said real estate when they became due, to carry insurance on the buildings and to pay the indebtedness and interest thereon as the same fell due; and further providing that if said mortgagors should fail to pay all taxes and assessments on said real estate and any sum necessary to protect the mortgagee or assigns, including insurance, all of which were secured by said mortgage, that in such event the mortgagee could then pay any of the items specified and would be permitted to recover the same from mortgagors, "with ten per cent. interest," and in case of foreclosure to pay attorneys fees of $200, together with expense of examination of title in preparation for foreclosure, abstract of title and expenses of litigation, and "with interest thereon at 10 per cent. per annum."

It is further provided that on the failure of mortgagors to pay taxes, interest, insurance, or to prevent waste on the premises, at the election of the mortgagee, Hamm, the whole indebtedness secured by said mortgage would become due and payable without notice, "and shall bear interest thereafter at the rate of ten per cent. per annum," and providing then for foreclosure of the mortgage and for sale of the premises for the payment of all of the indebtedness so secured.

We have quoted sufficiently from the note and mortgage to express the contract between the parties in definite terms all that is said pertaining to the payment of interest. We have likewise stated all that plaintiffs claim to have paid on the indebtedness.

The plaintiffs herein do not allege any fraud or undue influence, or that there was any scheme on the part of the defendant to cover up usury; they did not allege that they did not receive the full sum of $2,000

when the note and mortgage were executed. A copy of said note and mortgage is attached to the plaintiffs' petition as exhibits.

Our court has consistently held to the doctrine that when there is a variance between the allegations of the petition and the exhibits attached, the exhibits must control. Kriewitz v. Taylor, 172 Okla. 227, 45 P. (2d) 527.

In another well-considered case, it is said by this court in the body of the opinion:

"It has been decided many times by this court that where there is a conflict in the allegations set forth in the pleadings and the exhibits thereto attached, upon which the cause of action is based, the language of the exhibits is controlling." Devine v. Pyanhunkah, 170 Okla. 178, 179, 39 P. (2d) 132, 133.

Our Oklahoma Statutes 1931, at section 9518, provide that 10 per cent. interest is the maximum rate that may be charged. The next section, 9519, provides that the taking or receiving a greater rate of interest than that provided for in section 9518 shall be deemed a forfeiture of twice the amount of interest so charged, and "in case a greater rate of interest has been paid, the person by whom it has been paid or his legal representatives may recover from the person, firm or corporation taking or receiving the same in an action in the nature of an action of debt twice the amount of the entire interest paid." Said statute further provides that when suit is brought upon any such note or mortgage, the defendant may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, or charged.

It is thus seen that neither the note nor the mortgage securing same provided for usury.

The mortgagors, not having elected to plead usury as a set-off in the foreclosure suit, would therefore not be barred from maintaining the action in a separate suit, provided the facts warranted. In other words, within the quoted matter from said section 9519, it would devolve upon one suing for usurious interest to show that he had paid more than 10 per cent.

In plaintiffs' action in the case at bar, they allege that the note and mortgage were executed July 7, 1927, for consideration of $2,000 due and payable in five years after date. The note called for 8 per cent. interest. Provisions of the mortgage have heretofore been referred to which sufficiently indicate the terms of the mortgage. It is alleged that $656 was paid in different payments up to February 29, 1932, at which time it is alleged the defendant, Hamm, brought suit for foreclosure. Therefore, the interest at 8 per cent. on the note up to the 29th day of February, 1932, amounts to $746.64, which was in excess of the amount paid to the extent of $90.64. The plaintiffs do not plead the journal entry in the foreclosure suit, but attach a copy of the sheriff's deed which shows that judgment was rendered on the 26th day of September, 1932, in the foreclosure suit in which Mr. Hamm, the defendant herein, recovered $2,183.33 on his debt and $200 as attorneys fees.

It is therefore seen that by computing the interest on $2,000 from February 29, 1932, to September 26, 1932, it amounts to $92.69. This sum added to the sum of $2,090.64, the amount due when suit was brought, makes exactly $2,183.33 in addition to the $200 attorneys fees and costs. Up to this point, it is seen, beyond question, that no usury has been paid.

The petition alleges, however, that through a receivership in the foreclosure suit, the defendant, Hamm, received on the 8th day of October, 1933, which, as is noticed, is a long time after the deed was made, $194.06. This sum, however, is not equal to the sum of $183.33 accrued interest and $200 attorney fees when the judgment was taken. Therefore, in any view that can be taken, no interest was ever received either in the proceedings in court or prior to the foreclosure suit or both together that would constitute usury.

The statute in plain language, as above quoted, does not provide for an action for usurious interest excepting where a greater rate of interest has been paid. The mere fact that a contract for usurious interest might be made would not support an action for usury until the usurious interest had been paid; although in case suit had been brought the usury contained in a contract could be pleaded as a set-off even though it had not been paid.

We have been circumspect in examining the plaintiffs' petition in connection with the exhibits, and an elaborate opinion would not be warranted by the most favorable construction of the petition in connection with the exhibits. The plaintiffs have failed to state a cause of action for the recovery of usurious interest. See Clement Mortgage Co. v. Johnson, 83 Okla. 153, 201 P. 247; Conservative Loan Co. v. Whittington, 120 Okla. 137, 250 P. 485; Tobin v. Holmboe, 172 Okla. 546, 45 P. (2d) 716.

The next alleged causes of action in the case at bar are pleaded and commingled with the alleged cause of usury. It would be a difficult task to segregate the different causes or to intelligently differentiate as to the matters complained of by a reading of the petition. The plaintiffs, in their prayer, ask judgment for $2,945.33 and an attorney's fee of $400, and for a cancellation of the sheriff's deed or a decree declaring a trust and for reconveyance of the title to said lands to the plaintiffs.

By referring to the plaintiffs' brief in this case, as before stated, they make one assignment of error, viz.. that the court erred in sustaining the demurrer to the petition. Under that head, they state four separate propositions on which they claim the right to recover against the defendant. That is to say:

"First Proposition. The petition states a cause of action for the recovery of the penalty and forfeiture for exacting usurious interest.

"Second Proposition. The petition states a cause of action for the recovery of damages for taking illegal possession of real estate under void receivership.

"Third Proposition. The petition states a cause of action to set aside the foreclosure sale.

"Fourth Proposition. The petition states a cause of action for redemption from the foreclosure sale."

As to the first proposition relating to the charge of exaction of usurious interest, the matter has been disposed of.

The other three propositions merely refer to the alleged invalidity of proceedings in the trial court wherein the defendant, Hamm, recovered judgment in his foreclosure action.

In the absence of a showing that the trial court had no jurisdiction of the parties or the subject-matter, its judgment is final and conclusive. In this case the jurisdiction of the trial court both as to parties and subject matter is not questioned. It is true that plaintiffs allege fraud in obtaining the appointment of a receiver "without sufficient allegations contained in the petition showing that the property was insufficient to pay the mortgage indebtedness," but this was a matter within the exclusive jurisdiction of the trial court. The mortgage itself provided for the appointment of a receiver immediately on filing suit to foreclose.

Under the decisions of this court the petition of the plaintiffs is merely an attempt to review the action of the trial court in a collateral proceeding.

As defined by this court:

"A 'collateral attack' on a judgment or judicial proceeding is an attempt to avoid, defeat or evade it or to deny its force and effect in some manner other than by appeal, writ of error, certiorari or motion for new trial." Powers v. Brown, 122 Okla. 40, 252 P. 27; Pettis v. Johnston, 78 Okla. 277, 190 P. 684; Ross v. Breene, 88 Okla. 37, 211 P. 417.

Final judgment is conclusive between the parties as to matters litigated and as to matters germane to the issues which might have been litigated. First National Bank v. Martin, 162 Okla. 289, 20 P. (2d) 889.

"The district courts of this state are courts of general jurisdiction and their judgments cannot be collaterally attacked unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment." McDougal v. Rice, 79 Okla. 303, 193 P. 415.

"Judgment of court of general jurisdiction is not subject to collateral attack unless void upon its face." Lynch v. Collins, 106 Okla. 133, 233 P. 709.

Judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys D. H. Wilson, N. C. Barry, and E. C. Fitzgerald in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilson and approved by Mr. Barry and Mr. Fitzgerald, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.