KUNC v. KUNC.

*97 P. 2d 771.*

No. 28961. Dec. 12, 1939.

Rehearing Denied Jan. 9, 1940.

John F. Amos and C. E. Hall, both of Oklahoma City, for plaintiff in error.

Andrews & Andrews and James D. Fellers, all of Oklahoma City, for defendant in error.

RILEY, J. This is an appeal from an order sustaining a demurrer to the petition of plaintiff in error, herein referred to as plaintiff, and (upon the election of plaintiff to stand thereon) dismissing plaintiff's petition.

Prior to November 29, 1935, plaintiff and defendant were husband and wife. Of said marriage, one child, Eugene Kunc, was born, who was on that date about eight years of age. Plaintiff had commenced an action against defendant for a divorce.

Defendant had filed an answer and cross-petition, praying that she be granted a divorce, a division of property, alimony and the care and custody of said minor child.

That cause came on for hearing November 29, 1935, resulting in a decree denying plaintiff's petition for a divorce and granting defendant a divorce on her cross-petition, a division of property, alimony, the care and custody of said minor child, and requiring plaintiff to pay defendant the sum of $75 per month for the support and maintenance of said minor child until he becomes 21 years of age. The provisions of said decree insofar as they are involved in the present appeal will be hereinafter set out more particularly.

Plaintiff did not appeal from said judgment, and decree became final.

On June 1, 1938, plaintiff filed his petition (denominated as petition and mo-

tion) in the district court of Oklahoma county for the vacation of said decree insofar as the division of property and alimony was involved. He does not seek to have set aside that part of the decree granting the divorce. Since the decree was entered he has remarried.

Plaintiff alleges that said decree as to alimony and other particular provisions therein is void as being contrary to sections 672 and 673, O. S. 1931. He avers:

"That said alimony was awarded without regard for the plaintiff's real and personal property existing at the time of said divorce, awarded defendant property not in existence at the time of said divorce, granted or assumed to grant to defendant a claim to and interest in after-acquired property of plaintiff, and was based upon the possibility of future acquisitions of plaintiff and the possibility that plaintiff might be able to comply with said judgment, and is, therefore, contrary to law and beyond the jurisdiction of the court.

"(7) That the provision of said judgment and decree requiring plaintiff to maintain insurance after said divorce for the benefit of defendant is also contrary to law and was beyond the jurisdiction of the court because the same was made without regard for the value of plaintiff's real and personal property existing at the time of said divorce, attempts to award defendant property not in existence at the time of said divorce, assumes to grant defendant a claim to and interest in after-acquired property of plaintiff, and was based upon the possibility of future acquisitions of plaintiff and not upon property in existence at the time of said divorce.

"(8) Plaintiff states further that said judgment and decree gave defendant property then valued at approximately $24,000, and left plaintiff property of less than $1,000 in value, and that at the time of said divorce the value of all of the property of these parties, both real and personal, did not exceed $25,-000. That in addition thereto the court awarded defendant alimony aggregating $60,525, and insurance having a cash value of approximately $1,100, at said time, and required plaintiff to maintain said policies thereafter for defendant's benefit. That the provisions of said judgment relative to the support and

education of said child are in addition to the other provisions just mentioned.

"(9) That said judgment required plaintiff to pay defendant $2,000, cash forthwith, and that plaintiff had to borrow said money in order to pay the same to defendant. That to secure said loan plaintiff was required to pledge all of the stocks then owned by plaintiff, and that when said loan became due it was necessary for plaintiff to sell said stock to obtain funds to pay said loan. That plaintiff realized less than $2,000 from the sale of said stock, and had to pay the balance out of his current earnings."

And:

"That the award of alimony to defendant exceeded the value of all property remaining to plaintiff after said judgment more than 60 times, and in addition thereto, and in addition to the other property given defendant, plaintiff was required to maintain insurance for the benefit of defendant after said divorce as aforesaid.

"(12) That for the reasons aforesaid the division of the properties of the parties made under said judgment, all of which property was acquired by said parties since the date of their marriage, was inequitable and unfair. That all of said properties was actually acquired by plaintiff and bought out of his earnings, as defendant had no property at the time of said marriage, did not work after her marriage to plaintiff, and acquired no property herself, by inheritance, gift or otherwise, after said marriage except that given her by plaintiff.

"(13) That the insurance which plaintiff is required to maintain for defendant's benefit consists entirely of ordinary life contracts upon which plaintiff is required to pay premiums for the remainder of his life both by the terms of said judgment and by the terms of said policy contracts."

It was also alleged:

"Plaintiff further submits that said judgment was irregularly obtained in that said matter was not set upon the trial docket for hearing ten days before the date of said trial, that plaintiff was not present at the time of said trial, that no evidence was offered or heard at the time of said trial either regarding the

properties then owned by these parties, the value thereof, the financial condition of plaintiff, the needs of defendant, or the earnings of plaintiff or the ability of plaintiff to comply with the terms and conditions of said judgment, nor was any evidence offered or received regarding the amount necessary for the support of said child or the necessity of providing for said child in the manner and to the extent provided in said judgment."

The petition contains many other allegations, but what we have quoted contains substantially all grounds upon which plaintiff relies for relief.

A copy of the decree was attached to and made a part of the petition.

Defendant filed a general demurrer. It was sustained. Plaintiff elected to stand on the petition, whereupon the court entered an order dismissing the suit, and plaintiff appeals.

Plaintiff submits three propositions:

"(1) The purported division of property made in said suit is improper, inequitable a n d unconscionable, a n d should be set aside.

"(2) The award of alimony made in said suit is improper, contrary to law and beyond the jurisdiction of the court.

"(3) The order in said suit requiring plaintiff to maintain insurance for defendant's benefit after said divorce is improper, contrary to law and beyond the jurisdiction of the court."

Under the first proposition, plaintiff contends that part of the decree purporting to be a division of property should be set aside because he claims it is inequitable, improper, and unconscionable in that he alleges that all the real and personal property which the parties owned at the time of the divorce, which was accumulated after their marriage, was of the total value of approximately $25,000, and that the decree awarded defendant property worth $24,000, leaving defendant only about $1,000 worth of property.

In the decree there was no finding as to the amount of property owned by the parties or the value thereof. It de-creed to defendant the home located at 908 W. 35th street, Oklahoma City, together with all the furniture, furnishings, linens, bedding, silverware, china, kitchenware, and all other personal property in and upon said premises; one small tract northwest of the city and about ten acres located north of the city near U. S. Highway No. 77; four out of six cemetery lots in Memorial Park, and an automobile. It further required plaintiff to pay defendant forthwith $2,000 in cash.

In addition thereto it awarded defendant and required plaintiff to pay to her for support and maintenance and as alimony $125 per month, up to and including August, 1948, and thereafter the sum of $150 per month payable monthly, until and including August, 1971.

Plaintiff cites section 672, O. S. 1931, and a number of cases requiring the division of property in said cases to be just and reasonable.

In Tobin v. Tobin, 89 Okla. 12, 213 P. 884, it is clearly pointed out that in divorce proceedings, alimony and division of property jointly acquired are separate and distinct questions, and are governed by separate and distinct statutory provisions. It is therein said:

"An allowance made by the court for the maintenance of the wife, either pending her suit for divorce or after the divorce decree is entered in her favor, out of the separate property of the husband, is alimony, whether it reach the wife in the form of money or in the form of property carved out of the property estate of the offending husband.

"On the other hand, it is in no sense alimony when the court, under the applicable provision of the statute, whether the divorce is granted to the husband because of the fault of the wife, or to the wife because of the fault of the husband, makes an equitable and just division of the property—not the separate property of the wife nor the separate property of the husband—but of the property resulting from their business ability, their industry and economy during their married life, which the law considers as the jointly acquired accumulations of the husband and the wife."

The statute providing for equitable division of jointly acquired property applies alike whether the divorce be granted on account of the fault of the husband or wife. Therefore, the provisions of the decree in the instant case relative to division of the jointly acquired property will be considered separately from that part of the decree awarding alimony. It is stated in Tobin v. Tobin, supra:

"A court of equity, on granting a divorce to either the husband or wife, is required by subdivision 2, as herein divided, of section 4969, Rev. Laws 1910, to make a just, fair, and equitable division of the properties acquired by the parties jointly during their marriage. In doing so the court is not required to divide the property equally between the parties, but is given a wide latitude in determining just what part of the jointly accumulated properties shall be given to each of the parties."

If the allegations of plaintiff's petition be taken as true, it would seem that the trial court, in the exercise of this wide discretion, fell short of a "fair and equitable" division.

The general rule is that a judgment, unaffected by fraud, deception, or coercion, providing for a division of real and personal property between the parties in a divorce action is final and cannot be modified by the trial court after the expiration of the term at which it is rendered. 19 C. J. 339.

The judgment insofar as it affects property rights can only be modified, set aside, or vacated under some one of the provisions of section 556, O. S. 1931, or under that part of section 563, O. S. 1931, relative to void judgments.

The only attempt to bring the case within any of the provisions of section 556, supra, is an allegation to the effect that the judgment was irregularly obtained in that the matter was not set upon the trial docket ten days before the date of the trial. Section 557, O. S. 1931, provides that motion to vacate a judgment because of its rendition before the action regularly stood for trial can be made only in the first three days of the succeeding term.

The petition did not state facts sufficient to constitute a cause of action for the vacation of that part of the decree going to the division of property. The trial court was without jurisdiction to vacate that part of the decree.

A different question is presented as to that part of the decree fixing the alimony and some of the peculiar provisions with respect to certain insurance policies. Defendant concedes in her brief that, "If the judgment is void, it has no validity," and, "if it is void in part, it has no validity as to that part."

That part of the decree requiring plaintiff to carry life insurance for the benefit of defendant provides:

"* * * The proceeds of the insurance evidenced by that certain Policy Contract No. 8593944 of the New York Life Insurance Company and by that certain Policy Contract No. 4818305 of the Equitable Life Assurance Society of the United States, written upon the life of the plaintiff, with the defendant as beneficiary thereunder, shall be payable at interest, interest payable monthly, to the defendant, if living, if not living, or upon her remarriage, or if she shall be deceased while receiving installment payments, to the child Eugene Kunc, provided that if the child Eugene Kunc becomes the beneficiary thereunder the proceeds are to be held at interest, interest payable monthly, with the right on the part of said child to withdraw one-half of the proceeds at the age of 25, the balance of the proceeds at the age of 30, and provided further that upon the death of the defendant and the child Eugene Kunc, the balance of the proceeds shall be paid to the executors or administrators of the child Eugene Kunc, and provided further that after said policies of insurance are changed to conform hereto neither the plaintiff nor the defendant shall have any right to change the beneficiaries, and provided further plaintiff shall pay all premiums provided to be paid upon each of said policies during the full term thereof, as and when provided by the terms thereof."

Plaintiff contends that this part of the decree is void as being beyond the power and jurisdiction of the court.

As to the power of courts to award the care and custody of minor children and make orders for their support, education, etc., the authorities are divided as to whether courts under their general chancery powers have jurisdiction and power in the absence of statute conferring such power. 19 C. J. 341.

In most states this power is conferred by statute in connection with statutory provisions concerning divorce. Where such power is conferred by statute, the statutory provisions control.

Section 671, O. S. 1931, provides:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

It will be observed that said section limits the power of the court to make provisions for guardianship, custody, support, and education of the minor children.

There is no authority or power in the court to require the husband and father to build up an estate, by insurance or otherwise, to be paid to a child after it attains its majority.

The decree in this case attempts to do so under certain conditions. That is, it provides that the proceeds of two certain insurance policies written upon the life of plaintiff with defendant as beneficiary "shall be payable at interest, interest payable monthly, to defendant if living; if not living, or upon her remarriage, or if she shall be deceased while receiving installment payments, to the child Eugene Kunc."

If we interpret this provision correctly, it requires that the proceeds of said policies must be put at interest, with the interest only payable to defendant monthly, if she be living and not remarried at the time the insurance is payable. That in case she should die or remarry before the insurance policies are payable, then the proceeds are to be paid to the child, with the further provision that in case the child should become the beneficiary, that is, in the event of the death or remarriage of the divorced wife before the policies mature, or in case of maturity of the policy in event the child should at that time be under the age of 25 years, the proceeds of the policy must remain at interest until the child should attain the age of 25 years. The child would then be entitled to receive one-half of the principal, the other one-half to remain at interest until the child shall attain the age of 30 years, at which time he shall be entitled to withdraw the balance. The final proviso is that upon the death of plaintiff, defendant, and the child, the proceeds shall be paid to the executors or administrators of the child.

It must be borne in mind that plaintiff alleges in his petition that these policies of insurance are ordinary life contracts upon which plaintiff is required to pay premiums for the remainder of his life. The decree requires plaintiff to pay such premiums for the full term of the policies.

This is an attempt to require plaintiff, the father, to build up and provide an estate for the benefit of the child, payable to him after he attains his majority, viz., at the age of 25 and 30 years. This act is clearly beyond the power and jurisdiction of the court. We know of no statutory or common-law rule under which such a decree may be validly rendered. We have been cited to no such law nor to any case sustaining any such decree.

The same may be said, to some extent, as to the provision in the decree requiring plaintiff to keep up and maintain payments of $5 per month, until the child becomes 21 years of age, into a savings account theretofore started by plaintiff for the benefit of said minor child. This fund, by the decree, is to be held for the use, benefit, and higher education of the child during the life of said child, not beyond, however, August 30, 1947.

Just when the child will reach the age of 21 years does not appear, but the decree requires plaintiff to pay into said

fund $5 per month until the child becomes 21 years of age. What is to be done with that part of the fund, if any, accruing between August 30, 1947, and the date the child attains the age of 21 years does not appear from the decree. Certainly plaintiff could not be required to contribute to a fund payable to the child at and when he attains the age of 21 years. That would be beyond the power of the court. However, the decree is subject to the modification by the court at any time insofar as it applies to the support and maintenance of the minor child.

The decree requiring plaintiff to maintain insurance for the benefit of defendant in addition to all the property and monthly payments provided in the decree is peculiar and appears to be without specific statutory authority. No statute or decision of any court providing or sustaining such a requirement is cited, and we have found none.

The petition states a cause of action for relief against the requirement of the decree as to the insurance to accrue to the benefit of and payable to the child after he attains his majority. To that extent, at least, it was error to sustain the demurrer, and the order sustaining the demurrer and the judgment dismissing the petition are reversed and the cause is remanded, with directions to overrule the demurrer.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., absent.