ARNOLD v. ARNOLD.

No. 31218. Oct. 31, 1944.

Rehearing Denied Nov. 28, 1944.

*153 P. 2d 224.*

Jack Tellegen, of Oklahoma City, for plaintiff in error.

Looney, Watts, Fenton & Eberle, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county which modified after the term at which it had been rendered, a prior judgment of said court granting a divorce and approving a property settlement agreement. The parties appear here in inverse order to their positions in the trial court. Parties for the sake of convenience will be referred to as they appeared there, as plaintiff and defendant.

It appears from the record that plaintiff and defendant were married on December 29, 1928; that plaintiff was employed at the University Hospital and the defendant was employed in the public schools. The parties continued to work for some time after their marriage and to pool their resources and to invest the same in real and personal property, the plaintiff having for a number of years the control and disposition of funds of the parties. The record further shows that the parties had no children of their own and they therefore adopted a child. The record further shows that the marital venture was not a happy one and that the parties had frequent quarrels, and that at least on two occasions the plaintiff had brought actions against the defendant for divorce but that these were subsequently dismissed. The record further shows that the parties continued on in this manner until the spring of 1941, when plaintiff had to go to a hospital and undergo a serious operation, and that upon her return home the situation did not improve, and that about August 15, 1941, the parties executed a property settlement agreement whereby they were to divide their real and personal property and defendant was to make certain payments of money to the plaintiff and pay certain doctor and hospital bills which she had incurred; that this agreement was executed in the office of the attorney for the plaintiff. The record further shows that on the following day, August 16, 1941, plaintiff and her witnesses appeared in the district court of Oklahoma county with her attorney, and defendant waived summons, filed no answer, and thereupon plaintiff was granted a divorce and division of property in accordance with the written agreement between the parties, and which was approved by the trial court. It further appears that the judgment so rendered became final, and that the parties accepted the benefits and recognized the obligations thereof. It further appears from the record that thereafter, in the late fall of 1941, the property which defendant had received as his part of the real estate came into production for oil and gas and gave promise of being a valuable property. It further appears that plaintiff learned of this fact and demanded that she be given a share of royalty which had accrued and would accrue from said property; that upon being refused this she thereupon obtained counsel other than the one who had represented her in the divorce and division of property action and instituted the present action to vacate the former judgment. Plaintiff in her petition as grounds for the relief sought alleged, in substance, that the judgment of August 16, 1941, had been obtained as the result of fraud, intimidation, and coercion which defendant had practiced upon her while she was sick and with-

out an understanding of the effect of what she was doing, and alleged that defendant had threatened her life, threatened to deprive her of all her property and to take the adopted child from her custody. Demurrer of defendant to the second amended petition of plaintiff was overruled and exceptions saved to the ruling. . Defendant thereafter filed an answer which consisted of a general and specific denial of the material allegations of the petition. Upon the issues so framed trial was had to the court, and at the conclusion thereof the court found, in effect, that the allegations of fraud, intimidation, and coercion had not been sustained, but that the judgment of August 16, 1941, had not made an equitable division of the property between the parties. The court thereupon denied the petition of the plaintiff to vacate the judgment and modified the same so as to effectuate a more equitable division of property by requiring the parties to convey to each other an undivided one-half interest in the oil, gas, and other minerals under the respective lands which had theretofore been set apart to them in severalty.

The defendant appeals from the judgment so rendered, and the plaintiff by cross-appeal seeks to have this court grant her additional property, alimony, and additional child support money. The cause, however, is briefed and argued wholly upon the theory advanced by the defendant for reversal. The defendant contends, primarily, that it was error to overrule his demurrer to the second amended petition of the plaintiff. In support of the contention so made defendant invokes the rule which prevails where an action is based upon written instruments and where the allegations of the petition are at variance with the terms of said instruments, and in this connection our attention is directed to Sawyer v. Sawyer, 182 Okla. 348, 77 P. 2d 703; Schmeusser v. Schmeusser, 181 Okla. 18, 72 P. 2d 378; Robison v. Hamm, 179 Okla. 79, 64 P. 2d 894; Devine v. Pyanhunkah, 170 Okla. 178, 39 P. 2d 132;

Mason v. Slonecker, 92 Okla. 227, 219 P. 357; Newman v. Newman, 27 Okla. 381, 112 P. 1007. An examination of the cited cases will reveal that while they are authority for the rule which the defendant seeks to invoke, they are without application to the case at bar for the reason that plaintiff in her amended petition alleged a state of facts which did not depend upon the terms of the instrument attached to the petition as exhibits, but which, if true, would have been sufficient to establish the right of the plaintiff to the relief sought. While an action for the vacation or modification of a judgment after term brought in the manner directed by 12 O. S. 1941 §1033 is one in the nature of an independent action, and therefore one in which a demurrer to the petition may be sustained (see Burton v. Swanson, 142 Okla. 134, 285 P. 839; Dardenne v. Daniels, 101 Okla. 201, 225 P. 152), it is likewise one where a demurrer is properly overruled when the petition states grounds for the relief sought. Burton v. Burton, 176 Okla. 494, 56 P. 2d 385. We are of the opinion, and hold, that in the case at bar it was not error to overrule the demurrer of the defendant to the petition of the plaintiff.

The contention of the defendant that in the absence of fraud, deception, or coercion the trial court was without authority to modify the prior judgment and decree is the decisive issue presented. As said in Kunc v. Kunc, 186 Okla. 297, 97 P. 2d 771:

"The general rule is that a judgment, unaffected by fraud, deception, or coercion, providing for a division of real and personal property between the parties in a divorce action is final and cannot be modified by the trial court after the expiration of the term at which it is rendered. 19 C.J. 339.

"The judgment insofar as it affects property rights can only be modified, set aside or vacated under some one of the provisions of section 556, O. S. 1931, or under that part of section 563, O. S. 1931, relative to void judgments."

As we heretofore pointed out, the

evidence adduced at the trial was directed not so much to proof of any fraud in the procurement of the property settlement agreement and the judgment of August 16, 1941, as it was at the alleged inequitable division of property which had been thereby effected. It appears from the record that the plaintiff not only had advice of counsel of her own choosing but was also a woman of considerable business ability and not only knew what she had but what she wanted, and that her dissatisfaction arose not so much over the division of property which had been made as over the fact that the property which defendant had received had thereafter become much more valuable than she had evidently anticipated at the time the property settlement agreement was entered into. The trial court was evidently of this opinion and refused to vacate the prior judgment, but undertook to modify it so as to provide a more equitable division of the property in the light of the subsequent developments. This disposition of the case was one which the trial court was without authority to make under the proof submitted, for as said in Burtrum v. Burtrum, 184 Okla. 61, 84 P. 2d 598:

"When a divorce is granted, and a property settlement entered into between the parties is approved, a subsequent modification of the judgment approving the property settlement, on the ground of fraud in the procurement of the agreement, will be denied unless such fraud be proven by clear and satisfactory evidence, and when the transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted."

The matters set out in the cross-petition of the plaintiff involve matters which were not involved in the trial court and which may not properly be presented for the first time on appeal. For this reason we do not enter into any discussion thereof.

Under the record which has been presented here the judgment of the trial court is without authority of law and one which the court could not render, and therefore the cause is reversed and remanded, with directions to enter a judgment for the defendant.

CORN, C.J., GIBSON, V.C.J., and RILEY, HURST, and BAYLESS, JJ., concur.