Zimmerman, J.,
concurring in part and dissenting in part. I concur in paragraphs one and two of the syllabus but dissent from paragraphs three, four and five thereof and in part from the judgment.
It is held in the majority opinion, in accordance with the established law of Ohio, that in a divorce action an agreement between the parties thereto as to alimony and support of children may be incorporated in the judgment of divorce, and that when this is done the agreement loses its identity as such and the judgment rendered is solely the judgment of the court. In other words, the agreement is absorbed into the judgment, and the judgment is the court’s pronouncement. This being so, the judgment rendered may not exceed the power and jurisdiction of the court. An examination of the statutes will disclose that the power of the court with respect to alimony and division of property is considerably broader than that relating to the support of minor children.
Section 3105.18, Revised Code (Section 8003-17, General Code), expressly authorizes the Court of Common Pleas to “allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal *491 estate of either, at the time of the decree,” and “such alimony may he allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.”
On the other hand, the statutes covering the support and maintenance of children carry the plain implication of a current allowance for such purposes during the minority of the children. As pointed out in the majority opinion, there is no legal liability on the part of a father to support his children after they have reached the age of 21, and the court is without authority to impose such duty either as to educational expenses or otherwise after they attain such age.
It is to be noted that the defendant filed a motion for the modification of the divorce judgment in certain respects, and that such motion was considered together with the charges in contempt and overruled in toto. In such motion for modification, defendant asked for the deletion in its entirety of the paragraph in the judgment of divorce relating to insurance. As to such an insurance item, this court stated in the case of Miller v. Miller, 154 Ohio St., 530, 97 N. E. (2d), 213, that no authority exists in a court, in the absence of contract, to order a husband divorced by his wife to keep in force, beyond the minority of their children, insurance policies on his life with the children as beneficiaries. But, even where an agreement exists, may a court properly make an order concerning insurance such as was made in the instant case? I do not think so. It is axiomatic that “parties can not by agreement clothe the court with jurisdiction it does not possess.”
In the case of Kunc v. Kunc, 186 Okla., 297, 97 P. (2d), 771, it was held that in a divorce action the court has the power to require a father to pay a reasonable amount for the support and maintenance of the children of the marriage during the minority of such children, but lacks the power to order the father to build up an estate for the children, by insurance or otherwise, from which they will benefit after reaching majority.
Putting the proposition a little differently, the support and maintenance of children while they are minors is the only obligation with which a father may lawfully be charged. A court, therefore, exceeds its jurisdiction by imposing additional *492 obligations, such as the requirement- that insurance be maintained for the benefit of tbe children for an indefinite period which might well extend far beyond their minority. An order of that sort would result in the expansion of the statutes relating to support and maintenance much further than their obvious scope and purpose.
I therefore agree with the Court of Appeals herein in its determination with respect to the insurance feature of the instant case.
True, Section 3105.20, Revised Code (Section 8003-21, General Code), in the chapter entitled Divorce and Alimony, reads in part:
“In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.”
The quoted portion of the statute was applied in the recent cases of Clark v. Clark, 165 Ohio St., 457, 136 N. E. (2d), 52, Cage v. Gage, 165 Ohio St., 462, 136 N. E. (2d), 56, and DeMilo v. Watson, Exr., 166 Ohio St., 433, 143 N. E. (2d), 707, but all those cases dealt with the subject of alimony or the division of property between husband and wife upon divorce, and I reiterate that, with respect to alimony, the power of the court is much broader and more extensive than is the case with regard to the support and maintenance of children. The mere fact that the court may exercise equity jurisdiction in matters concerning domestic relations does not give it carte blanche to render a judgment which exceeds its jurisdiction.
The majority opinion cites and relies on the cases of Julier v. Julier, 62 Ohio St., 90, 56 N. E., 661, 78 Am. St. Rep., 697, and Haussaurek v. Markbreit, Admr., 68 Ohio St., 554, 67 N. E., 1066, as sustaining the position that agreements between the parties to a divorce action may be incorporated in the divorce judgment and enforced. Both those cases embraced alimony and property rights and in neither of them is it evident that the court transcended the limits of its jurisdiction in the judgment rendered. Besides, as far as I can discover, no jurisdictional challenge appears to have been made in either case.
The sole issue in the instant controversy is the power of the trial court to make in its divorce judgment the orders it did with *493 regard to the children involved and enforce them. Some of those orders are valid, others are in excess of the court’s authority. Whether, in the circumstances of this case, there might be a separate and independent action to compel compliance with the terms of the agreement entered into between plaintiff and defendant is not presented in and is foreign to the case at bar. See 17A American Jurisprudence, 94, Section 907, and citations therein.
I believe that the Court of Appeals correctly decided this cause in the respects indicated in this opinion, and, therefore, I can not join in the reversal of its judgment in those particulars.
Stewart and Matthias, JJ., concur in the foregoing opinion by Zimmerman, J.