Byron Bacon JONES, Byron Bacon Jones as President of Tent Rock Ranch, Inc., and Susie Bottom Jones, Plaintiffs in Error,

v.

Marianne C. JONES, Defendant in Error.

No. 41368.

Supreme Court of Oklahoma.

June 4, 1968.

Shirk, Withington, Work & Robinson, by W. R. Withington, Oklahoma City, for plaintiffs in error.

McElroy & Vaughn, Chickasha, for defendant in error.

PER CURIAM.

Byron Bacon Jones, individually and as President of Tent Rock Ranch, Inc., and Susie Bottom Jones (defendants below) appeal from a judgment in favor of Marianne C. Jones (plaintiff below) modifying a prior divorce decree whereby additional shares of stock in the above corporation were awarded to Marianne C. Jones. The parties will be referred to by their trial court designation or by name.

Plaintiff filed suit for divorce on October 1, 1962. Plaintiff alleged that her husband, Byron Bacon Jones, had transferred a large block of stock in Tent Rock Ranch, Inc., to his mother, Susie Bottom Jones, to defeat and defraud the plaintiff's claim against the corporation. A restraining order was issued and served on all of the defendants, restraining them from transferring any stock in the corporation. Summons was served on the defendants. Byron Bacon Jones also entered his general appearance in the action. Plaintiff at that time was represented by Attorney M, not the attorney who represented her in proceedings after the divorce decree and who represents her on this appeal.

This proceeding in error is concerned solely with provisions of the original divorce decree and proceedings thereafter relating to the distribution of the stock in the Tent Rock Ranch, Inc., corporation.

On November 13, 1962, an uncontested divorce was granted plaintiff. The decree provided for child custody and support, and recited the property rights of the parties were settled by agreement of the parties and that the settlement was approved by the court. The decree ordered and decreed " * * * that the plaintiff receive, as her share of the property of the parties, to have and possess as her sole and separate property, * * * in full and complete settlement, satisfaction, and release of all her property and alimony rights, the following:" the home dwelling and furniture, an automobile, and "3250 shares of Stock in 'Tent Rock Ranch, Inc.;' The proceeds from the sale of 500 shares of Stock in

'Tent Rock Ranch, Inc.,' now held in the names of plaintiff and defendant;" and ordered defendant to convey the real property to plaintiff.

The decree ordered that defendant receive "as his share of the property of the parties, to have and possess as his sole and separate property, free and clear of any claim or right of plaintiff therein * * * the following:

"Any and all remaining property, not herein specifically set apart and awarded to plaintiff, which has been jointly acquired by the parties during their marriage relationship or individually acquired by the defendant, whether the same be real, personal, or mixed, and regardless of where the same is situated:

ALL SUBJECT TO and ASSUMING any and all indebtedness thereon."

The decree concluded with the following:

"It is further CONSIDERED and ORDERED by the Court that all orders heretofore entered in this cause be, and the same hereby are, vacated and merged with this decree."

The record reveals that the stock of Tent Rock Ranch, Inc., was issued at the time of incorporation in New Mexico in 1961, 3250 shares to Marianne C. Jones, the plaintiff, and 3250 shares to Byron Bacon Jones, defendant, and 500 shares to Byron and Marianne Jones, as joint tenants. The record further shows that Byron Bacon Jones transferred 3150 shares to his mother, Susie Bottom Jones, in either January or June 1962, leaving him with 100 shares.

On July 23, 1963, more than eight months after the divorce decree was entered and beyond the July 1962 term of court during which it was granted, Byron Bacon Jones filed a motion to modify the divorce decree, requesting that the child support provisions of the decree be modified. On August 6, 1963, the plaintiff filed her response to the motion, alleging no change of condition and the necessity for the continuance of the child support provisions of the decree. On August 12, 1963, Byron Bacon Jones filed a motion for order nunc pro tunc, request-

ing that the court clarify the journal entry of divorce with respect to the stock, alleging the oral agreement of the parties with regard to the shares of stock in the corporation, the adoption of that agreement in the divorce decree, and that the plaintiff was contending that she owned all of the stock in the corporation. On August 29, 1963, plaintiff filed a response to the defendant's motion for an order nunc pro tunc, alleging that the motion stated no cause of action and the court was without jurisdiction to change the order and judgment and that if the court should find that it did have jurisdiction, the court should order the defendant to deliver to plaintiff all shares of the corporation. At the beginning of the later hearing the defendant Byron Bacon Jones moved to withdraw his motion for order nunc pro tunc to clarify the decree. The court denied the motion on the ground that plaintiff had filed a response to the motion in which she requested the court to order the defendant to deliver the stock to her.

On September 17, 1963, the plaintiff filed her application to make Susie A. Jones a defendant in the proceedings then pending before the court and an order was issued granting plaintiff leave to make Susie A. Jones a party defendant and summons was issued and served. (Susie A. Jones and Susie Bottom Jones are the same person.) On December 4, 1963, Susie Bottom Jones answered alleging plaintiff had received 3250 shares in accordance with the property settlement agreement and divorce decree.

On March 16, 1964, the trial court undertook to try the issue of the distribution of the stock in Tent Rock Ranch, Inc., again.

Pursuant to the trial of that issue, there was, on September 9, 1964, entered a Journal Entry of Judgment directing, among other things, that Susie Bottom Jones assign to the plaintiff the 3150 shares of stock in Tent Rock Ranch, Inc.

Defendants present a number of assignments of error. We will determine those necessary to dispose of this appeal.

Defendants contend the court erred in denying their plea that the original decree of divorce was res judicata as to the issue of the right of the parties to the stock and the disposal and division of the shares of stock of the corporation. This proposition will be considered in connection with defendants' contention to the effect that the lower court could not use a nunc pro tunc order to modify and change the original divorce decree.

We have narrated and set forth in some detail the provisions of the divorce decree. From our careful reading of the decree we find nothing uncertain or vague as to the property distributed and vested in plaintiff. The decree clearly states that plaintiff receive "as her share of the property of the parties," certain property, including "3250 shares of Stock" of the corporation and proceeds from the sale of 500 shares "now held in the names of plaintiff and defendant." The divorce decree states this was the agreement of plaintiff and defendant. The deposition of Attorney M, who represented plaintiff in earlier divorce proceedings, was taken and introduced in the later hearing. He testified the property settlement resulted from conferences had in his office with plaintiff and defendant husband and that his notes showed plaintiff was to have the several items described in the decree, supra, "in plaintiff's possession" including 3500 shares of stock "and in her possession." This was later reduced to 3250 shares, apparently to accord with plaintiff's actual ownership. The divorce decree further ordered that all orders previously entered in the cause be vacated and merged with the decree. This released Susie Bottom Jones from any restraint regarding the shares held by her. In view of the particularity with which the decree was drawn, if plaintiff had been entitled to any more under the property agreement or if the court had intended to give her more of the stock, the decree would surely have reflected this fact with appropriate determination of Susie Bottom Jones rights to the stock.

In this cause all the parties were before the court by proper issuance and service of summons when the divorce decree of November 13, 1962, was entered by the court. The rights of Susie Bottom Jones were properly before the court and a subject of that litigation. Since her rights were, in the contention of the plaintiff, derivative from Byron Bacon Jones, her right to the stock must be considered to have been within the contemplation of the parties when they entered into the settlement agreement. It is our opinion that the divorce decree of November 13, 1962, settled the rights of all the parties as to all their property, including the stock, and was conclusive. There was no contention at the last trial that the divorce decree was obtained through fraud and we find that the divorce decree was not vague; rather, it clearly spoke the agreement between the parties for the settlement of their property rights.

It is our opinion that the last judgment, giving plaintiff 3150 more shares, was another and different judgment.

■ In Fowler v. Zimmerman, Okl., 383 P.2d 682, 685, we quoted with approval as follows:

" 'While a trial court, by order nunc pro tunc, may correct the record of a judgment theretofore rendered in order that such record shall truly reflect such judgment, it may not by such order render another and different judgment, nor adjudicate property rights which were not determined in the judgment.' "

\* \* \* \* \* \*

' " \* \* \* Under the rule, the amendment or nunc pro tunc entry may not be made to supply a judicial omission or an error of the court, or to show what the court might or should have decided, or intended to decide, as distinguished from what it actually did decide. The authority of the court in this connection does not extend beyond the power to make the journal entry speak the truth, and may be exercised only to sup-

ply omissions in the exercises of functions which are clerical merely." ' "

The judgment of the lower court could not be rendered under the guise that it was a nunc pro tunc order.

We now turn to the res judicata portion of defendants' argument. As stated, Susie Bottom Jones was an original defendant in the divorce action, with allegations that she was transferee of a large block of Tent Rock Ranch corporate stock, that the transfer was for no consideration, in an effort to defeat and defraud plaintiff's claim against the corporation. Plaintiff prayed that the defendants be restrained from encumbering or alienating the stock, and for all proper relief. A restraining order was issued. Apparently, plaintiff did not pursue or demand any relief on this ground when the divorce was secured, and the controversy over stock ownership was disposed of as above described, by giving plaintiff 3250 shares and the proceeds of sale of 500 shares. Defendant Byron Bacon Jones was awarded any and all remaining property. All previous orders were vacated and merged with the decree.

It appears to this court under these circumstances the question of ownership of the stock and plaintiff's right thereto would be effectively disposed of, since the decree describes and disposes of all the corporate shares, and releases any restraint imposed upon defendants as to the stock held by them. However, we need not determine this exact question. The question of stock ownership and plaintiff's rights therein was presented by plaintiff's petition and by the restraining order, and was a matter germane to the divorce, alimony and division of the property between the parties. It was a matter that could have been litigated in the divorce action.

In Braine v. City of Stroud, Okl., 385 P.2d 428, we stated:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated therein."

Until properly set aside, a judgment is conclusive not only concerning all questions actually decided but also as to all germane issues that might have been litigated. Woodrow v. Ewing, Okl., 263 P.2d 167.

These authorities are applicable to the present situation. It is our conclusion that the original divorce decree was conclusive and res judicata of plaintiff's rights in the stock held by Susie Bottom Jones.

This property settlement agreement acquired the dignity of a judgment of the District Court. The only grounds for vacating or modifying that judgment are enumerated in 12 O.S.1961, § 1031, or by § 1038, authorizing vacation of a void judgment at any time. The plaintiff made no attempt to allege or prove any facts which would bring this case within any of the provisions of these statutes. Compliance with the statutes is mandatory. Kunc v. Kunc, 186 Okl. 297, 97 P.2d 771; Arnold v. Arnold, 194 Okl. 571, 153 P.2d 224.

We conclude that the divorce decree of November 13, 1962, was final, binding upon the parties, and res judicata on the issue of property distribution. The trial court erred in undertaking to again adjudicate the ownership of the stock.

The judgment dated September 9, 1964, is hereby vacated to the extent that it directs the assignment of the 3150 shares of stock to the plaintiff, and the Clerk of the District Court of Grady County is directed to deliver to Susie Bottom Jones the 3150 shares of stock in the Tent Rock Ranch, Inc., corporation, which were delivered to the Clerk and impounded, pursuant to the judgment.

This Court acknowledges the services of Tom R. Mason who with the aid of Andrew C. Wilcoxsen, Jr., and Russell Ruby, as Special Masters, prepared a preliminary

advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to DAVISON, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

All the Justices concur.