Saundra June **RENBARGER**, Appellee,

v.

**Donald Clarence RENBARGER,
Appellant.**

**No. 53061.**

Court of Appeals of Oklahoma,
Division No. 2.

June 9, 1981.

Rehearing Denied July 9, 1981.

Certiorari Denied Sept. 1, 1981.

Released for Publication by Order of Court of Appeals Sept. 3, 1981.

---

James A. Jennings, III, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for appellee.

Kenneth G. Mayfield, Warren, Ricks & Mayfield, Oklahoma City, for appellant.

BRIGHTMIRE, Justice.

The parties were divorced in 1972. Six years later, the plaintiff, Saundra Renbarger, filed what she designated as an "Application for Modification of Divorce Decree by Order Nunc Pro Tunc." The trial court granted it and the defendant, Donald Renbarger, appeals. We reverse.

## I

In her first application, plaintiff said the court in the divorce proceeding vested title to a five acre tract in both parties to hold as a joint tenants and awarded the house located on it to plaintiff as her separate property. In this regard, the woman alleged, the decree "is a nullity, as such house located on the described real property is a part of the same, and cannot be separated therefrom." She then asked for an order nunc pro tunc "correcting" the decree to show that both the land and the house "shall be awarded the plaintiff." A couple of months later, she filed a second application in which she added several more allegations, but the sum and substance of her claim remained the same.

At a hearing held October 12, 1978, plaintiff testified that on the morning she went to court for trial of the divorce case, she and her then husband reached an oral agreement with regard to their property. They went before the judge and told him about the agreement, and she said, he approved it saying he would enter a decree in accordance with it. She related that the agreement called for her to get the five acre tract and the house situated on it,[1] but at the same time, she said, the parties agreed that the property was to remain in both of their names in order to save it for their children. The judge was asked to render a judgment awarding the property to the parties jointly, save for the house.

The trial judge, now deceased, granted the couple a divorce, ordered that the five acre tract be vested in both plaintiff and defendant as "joint tenants," and further ordered that plaintiff take title to the house located on the five acres along with all the household furnishings and fixtures. She recalls that the judge made some rather critical comments about this land ownership

---

1. It was a three bedroom frame house that had been moved onto the land and set on concrete blocks.

arrangement and that he even asked her if she realized what she was doing. She told him she did. "I thought the agreement would stand up," she added.

After the decree was entered she got a copy of it, read it, and saw where it provided joint ownership of the five acres. She did not say anything to her lawyer about this, however, because, she said, "[t]hat was mine and Don's agreement."[2]

Plaintiff has lived on the five acres ever since, save for a period of time she spent in New Mexico.

## II

Plaintiff's testimony demonstrates quite clearly that the written decree accurately reflects the judgment actually rendered by the court pursuant to the agreement of the parties. In other words, the decree on its face reads the way the parties and the judge wanted it to read. What the woman is trying to enforce is a side agreement she said she and defendant had, namely, that in actuality the five acres would be hers notwithstanding anything the decree said. To get such an understanding into the decree now would require a modification, not a

correction, and for this objective a nunc pro tunc remedy is not available.

 An order nunc pro tunc is reserved for the very limited purpose of correcting a journal entry to reflect the actual judgment rendered by the court, as distinguished from, say, an agreement of the parties, or a decision the court should have made or meant to make but did not. It cannot be used to correct adjudicatory errors or omissions, as opposed to clerical mistakes. *Jones v. Jones*, Okl., 442 P.2d 319 (1968).

Since the relief sought by the woman is in reality a request for a modification of the decree, her application should have been denied. The order entered below is vacated and the cause is remanded with instructions to deny the application.

BACON, P.J. and BOYDSTON, J., concur.

---

2. The fact that such a property division is not one contemplated by 12 O.S. 1971 § 1278 is immaterial. At most, it was an invited error not affecting the validity of the judgment. *Palmer v. Palmer*, Okl., 465 P.2d 156 (1969).