## GARRETSON et al. v. MEEKER et al.

No. 9814—Opinion Filed Nov. 25, 1919.

(Syllabus by the Court.)

**Appeal and Error—Orders Appealable.**

An order of the district court overruling a motion to discharge an attachment is not reviewable in the Supreme Court until a final judgment has been rendered in the case.

Error from District Court, Washington County; R. B. Boone, Judge.

Action by W. C. Meeker and others against W. F. Garretson and others.   From order overruling motion to dissolve attachment, defendants bring error.   Dismissed.

Norman Barker, for plaintiffs in error.

Montgomery, Hill & Wise, for defendants in error.

PITCHFORD, J.   The defendants in error, plaintiffs below, commenced this action in the district court of Washington county, against the plaintiffs in error, defendants below, seeking judgment for $479.10 on open account.   The parties will hereafter be referred to as they appeared in the court below.

Plaintiffs filed an affidavit for attachment, charging that the defendants fraudulently contracted the debt and fraudulently incurred the liability and obligation for which the action was brought.   The sheriff executed the writ by attaching the goods, wares and merchandise claimed to have been sold by the plaintiffs to the defendants.   Thereafter, defendants filed a motion to dissolve the attachment.   The grounds for said motion were: that the affidavit for attachment was untrue; that the indebtedness was not fraudulently incurred and contracted; that the indebtedness was not due; that the pretended affidavit for attachment was insufficient in form, contrary to statute and void; that the court

was without jurisdiction to proceed thereunder; that the sheriff of Washington county was without power and the court without jurisdiction or legal authority to hold or retain any part of defendants' property under such proceedings; that said pretended attachment proceedings were wholly void, nugatory and without authority, insufficient in form and abortive and of no effect whatever.

. Thereafter, the motion to dissolve came on to be heard and evidence was submitted by the defendants and plaintiffs respectively. After the conclusion of the evidence, the court rendered judgment overruling and denying the motion, and sustained the attachment upon the testimony and the evidence adduced at said hearing, whereupon the defendants gave notice in open court of their intention to appeal from such decision to the Supreme Court. The appeal is prosecuted by filing in this court a petition in error with a transcript of the record attached thereto.

A motion has been filed by plaintiffs to dismiss the appeal for the reason that it is an attempt to appeal from an order of the district court overruling a motion to discharge an attachment before final judgment was rendered in the case; that no final judgment was rendered in said cause at the time the appeal was made and filed. It was held by this court in the case of Snyder v. Elliott, 26 Okla. 856, 110 Pac. 784, that an order of the district court overruling a motion to discharge an attachment was not reviewable in the Supreme Court until a final judgment had been rendered in the case. We also find in Oklahoma City Land & Dev. Co. et al. v. Patterson, 74 Oklahoma, 175 Pac. 934, that an appeal does not lie from an intermediate or interlocutory order during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits. Does the appeal sought to be taken come within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action?

' Under paragraph 2, sec. 5236, Rev. Laws 1910, it is provided that the Supreme Court may reverse, vacate or modify an order that grants or refuses a continuance, discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; grants or refuses a new trial, or confirms or refuses to confirm a report of the referee; or sustains or overrules a demurrer. It will be noticed in reading the foregoing section that the right of appeal in a case of this nature is only given in case the court discharges, vacates or modifies a provisi nal

remedy; therefore, where the attachment is sustained, no right would be given under this statute to appeal.

Motion sustained and appeal dismissed.

All the Justices concur, except HARRISON, J., absent and not participating.