# HODGES v. HALLER PROPRIETARY CO.

No. 12088—Opinion Filed Oct. 9, 1923.

Rehearing Denied Dec. 4, 1923.

(Syllabus.)

**Appeal and Error — Decisions Reviewable —Refusal to Discharge Attachment.**

An order of the district court overruling. a motion to discharge an attachment is not reviewable in the Supreme Court until a final judgment has been rendered in the case.

Error from District Court, Kiowa County; Thomas A. Edwards, Judge.

Action by the Haller Proprietary Company, a corporation, against R. E. Hodges. From an order overruling motion to dissolve attachment, defendant brings error. Dismissed.

Rummons & Hughes, for plaintiff in error.

George L. Zink, for defendant in error.

MASON, J. The defendant in error, plaintiff below, commenced this action in the justice court of Kiowa county against the plaintiff in error, defendant below, seeking judgment for $182.07. The parties will hereafter be referred to as they appeared in the court below.

The plaintiff, by its agent, W. S. Brooks, filed an affidavit for attachment, charging that the defendant had absconded with intent to defraud his creditors, and had left the county of his residence to avoid the service of summons, and was about to remove his property, or a part thereof, out of the jurisdiction of the court, with intent to defraud his creditors, and that he was about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors, and had property and rights in action which he was concealing and that he was about to assign, remove, and dispose of his property with intent to defraud, hinder, and delay his creditors.

The constable executed the writ by attaching a Ford truck as the property of the defendant. Thereafter, defendant filed a motion to dissolve the attachment wherein he specifically denied each and every cause set forth in plaintiff's affidavit for attachment.

Thereafter, the motion to dissolve was sustained by the justice court, and although the record does not disclose whether any action was taken by said court, it does show that an appeal was perfected by the plaintiff to the district court.

Thereafter, the motion of the defendant to dissolve the attachment came on to be heard in the district court and evidence was submitted by both parties. At the conclusion of the evidence, the court rendered judgment overruling and denying the motion, whereupon the defendant gave the proper notice of his intention to appeal to the Supreme Court. The appeal is prosecuted by filing in this court a petition in error with transcript of the record attached thereto.

For reversal, counsel for plaintiff in error present in their brief the one assignment of error that the judgment of the court is not sustained by sufficient evidence; however, counsel for defendant in error in his brief first presents argument and authorities in support of his motion, which has been filed, to dismiss the appeal for the reason that it is an attempt to appeal from an or-

der of the district court overruling a motion to discharge an attachment before final judgment was rendered in the case. This motion will be discussed first.

An examination of the record discloses that no final judgment had been rendered at the time the appeal was filed; in fact, the record does not disclose that a final judgment has ever been rendered.

This court held in the case of Snyder v. Elliott, 26 Okla. 856, 110 Pac. 784, that:

"An order of the district court overruling a motion to discharge an attachment is not reviewable in the Supreme Court until a final judgment has been rendered in the case." See, also, Garretson et al. v. Meeker et al., 76 Okla. 316, 185 Pac. 446.

In Oklahoma City Land & Dev. Co. v. Patterson, 73 Oklahoma, 175 Pac. 934, this court announced the following rule:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

Under paragraph 2, sec. 780, Comp. Stat. 1921, it is provided that the Supreme Court may reverse, vacate, or modify an order that grants or refuses a continuance; discharges, vacates, or modifies a provisional remedy; or grants, refuses, vacates, or modifies an injunction; grants or refuses a new trial; or confirms or refuses to confirm a report of the referee; or sustains or overrules a demurrer.

It will be observed that the right of appeal in a case of this nature is only given in case the court discharges, vacates, or modifies a provisional remedy; therefore, where the motion to dissolve an attachment is overruled, no right to appeal would be given under this statute.

We therefore conclude that the motion to dismiss the appeal should be sustained, and for that reason it will not be necessary to discuss the question presented in the brief of plaintiff in error.

The motion is sustained and the appeal dismissed.

JOHNSON, C. J., McNEILL, V. C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ, concur.