### HENSON v. HAYS.

No. 19641.   Opinion Filed Oct. 9, 1928.

Simpson & Dickerson, for plaintiff in error.

Hays, Biddison & Hays, for defendant in error.

PER CURIAM. The defendant in error, as plaintiff, began this action in the common pleas court of Tulsa county, for the recovery of money and instituted garnishment proceedings in said action. The plaintiff in error, defendant below, moved to dissolve the garnishment proceedings, and on July 7, 1928, the trial court made an order dissolving the same, but on the same day set aside said order. Thereafter a hearing was had on the motion to dissolve, and at the conclusion thereof the motion was overruled and the dissolution of the garnishment proceedings denied. Plaintiff in error has appealed, and complains of the action of the court in setting aside the order of dissolution and in not rendering judgment in his favor after having heard all the facts. The defendant in error has filed a motion to dismiss the appeal, and assigns as grounds therefor that the orders appealed from are not appealable orders.

The order of the trial court vacating and setting aside the order of dissolution was an interlocutory order and not a final order, for the reason that a hearing was thereafter had on the motion to dissolve, and the order made thereon did not prevent a judgment in favor of the movant. It was an interlocutory order made during the pendency of the action, and left the parties in the court to have the issues tried on the

merits and therefore not an appealable order. No special provision is made in the law of, this jurisdiction for an appeal therefrom. Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 243, 175 Pac. 934.

A garnishment proceeding under the statute of Oklahoma is so effectively an attachment that it is included within the term attachment. Berry-Beall Dry Goods Co. v. Adams, 87 Okla. 291, 211 Pac. 79. An order of the court overruling a motion to discharge an attachment is not reviewable in the Supreme Court until final judgment is rendered in the case. Hodges v. Haller Proprietary Co., 96 Okla. 169, 220 Pac. 469; Snyder v. Elliot, 26 Okla. 256, 110 Pac. 784; Garretson v. Meeker, 76 Okla. 316, 185 Pac. 446.

The record filed in this court does not disclose any final judgment has been rendered in the cause, and, under the authorities cited herein, the orders from which the appeal is attempted are not reviewable in this court until final judgment has been rendered in the case. The motion to dismiss the appeal is sustained, and the appeal is dismissed.