## MARTIN et al. v. FARMER.

No. 20370. Opinion Filed Oct. 11, 1932.

S. S. Lawrence, for plaintiff in error R. E. Martin.

Q. Louis Dickerson and Hughey Baker, for plaintiff in error Marshall Supply Company.

Wilkinson & Hudson, for defendant in error.

CULLISON, J. J. L. Farmer, as plaintiff, procured a judgment against C. C. Jones and R. E. Martin in the district court of Pittsburg county, November 16, 1926. Later, execution was issued on the judgment and garnishment issued in aid of execution against the defendant Martin. Defendant Martin filed a motion to dissolve the garnishment and to cancel and forfeit said judgment because the garnishment summons did not comply with the 25 per cent. exemption law. Said motion was heard by the court and overruled. Martin gave notice of his intention to appeal to the Supreme Court, but did not perfect said appeal and permitted the judgment to become final. Further garnishment summons was issued in said cause against Martin and the Marshall Supply Company as garnishee on February 2, 1929, and served on the garnishee. The garnishee, Marshall Supply Company, filed a special appearance and motion to quash the garnishment summons issued on February 2, 1929. The special appearance and the motion to quash of the garnishee was considered by the court and overruled on April 20, 1929. Thereupon, the defendant Martin asked leave to refile his motion for a forfeiture of the judgment, which was the same motion that had been passed upon previously by the court and denied. And from which decision no appeal had been taken. The

court thereupon overruled said motion to forfeit. Thereupon the garnishee, Martin Supply Company, elected to stand upon its motion to quash service of garnishment summons and Martin gave notice of his intention to appeal from the order of the court refusing to forfeit the judgment and brought said matter to this court upon appeal.

Two questions are presented in said appeal: First, that the court erred in overruling defendant's motion to forfeit the judgment; and, second, that the court erred in overruling the motion to quash garnishment summons.

In consideration of the first ground presented by defendant, we find that the motion to forfeit said judgment went to the matter of the garnishment summons failing to exempt the amount required under the statute relative to exemption of wages. We also observe that this motion which was presented to the court and from which decision of the court his appeal is predicated, was the same and identical motion which had been previously passed upon by the court and overruled.

Upon the former passing upon said motion the court overruled the same, and as said judgment overruling the motion was never appealed from, it became a final and binding judgment settling the questions of law presented by said motion. Therefore, when defendant attempted to raise the same question by the same motion, at a later date, said motion raised no legal question whatsoever. The matters raised by said motion had been adjudicated by the court and the force and effect of said motion had been exhausted. It presented no legal issue to the court, and the overruling of said motion by the trial court is sustained.

The second question of error deals with the decision of the court overruling a motion to quash service of garnishment summons. We observe that said proceedings proceeded no further than the overruling of said motion to quash service of summons. Under the law of this state the mere overruling of a motion to quash service of garnishment summons is not an appealable order. In the case of Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934, this court held:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

Also, in the case of Hodges v. Haller Proprietary Co., 96 Okla. 169, 220 P. 469, this court held:

"An order of the district court overruling a motion to discharge an attachment is not reviewable in the Supreme Court until a final judgment has been rendered in the case."

We observe from the record in the case at bar that the proceedings in garnishment in aid of execution had not been carried to a final conclusion at the time the appeal was perfected. The order which defendant is attempting to review on appeal is an interlocutory matter and an appeal will not lie therefrom until final judgment has been rendered affecting the subject-matter of said proceeding.

In the instant case the judgment ordering the money in question paid to plaintiff or refusing to order it paid would be the final judgment in said matter, and an appeal prosecuted in this court before said final judgment was rendered is an appeal prematurely brought into this court. Such appeal will not lie. The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and HEFNER, JJ., absent.