### BOB WHITE FLOUR MILLS, Inc., v. KINGFISHER COLLEGE et al.

No. 23913. Nov. 5, 1935.

Rehearing Denied Dec. 17, 1935.

T. R. Blaine, for plaintiff in error.

Thurman, Bowman & Thurman, for defendant in error.

PER CURIAM. This cause originated in an action brought by W. B. Newsome against Oklahoma Mill Company, the Kingfisher College, and others, to recover on certain promissory notes made by the Oklahoma Mill Company, and to foreclose a mortgage securing said notes, executed by the mill company. Subsequently, on motion of certain of the defendants, the Bob White Flour Mills, Inc., was made a party defendant.

On trial of the case judgment was rendered in favor of plaintiff against the Oklahoma Mill Company on the promissory notes, and decreeing such judgment a first and prior lien on the mortgaged property, and ordering foreclosure of said mortgage. Kingfisher College, under a cross-petition, was also granted a money judgment against the Oklahoma Mill Company and foreclosure of a second mortgage.

Order of sale was issued and the mortgaged premises sold under the decree of foreclosure. A sufficient sum was not realized from the sale to satisfy the judgment of the plaintiff Newsome, leaving Newsome with a deficiency judgment. The money judgment in favor of Kingfisher College was partially satisfied by applying on it certain moneys collected by a receiver appointed, pending the litigation, to take charge of the mortgaged premises and collect the rents and income therefrom, but a very substantial amount remained unpaid on that judgment.

After entry of judgment and sale of the property under the decree of foreclosure, Kingfisher College caused execution to be issued against the Oklahoma Mill Company, which execution was returned wholly unsatisfied.

Thereafter, Kingfisher College filed its affidavit in garnishment, setting forth the judgment in its favor, the credits thereon and the balance remaining unpaid, alleging that said defendant had good reason to believe that the Chicago, Rock Island & Pacific Railway Company had property of the Oklahoma Mill Company in its possession and control, and was indebted to the Oklahoma Mill Company, and asking that the railway company be required to answer certain interrogatories attached to the affidavit. An order was issued accordingly, requiring the railway company to answer the interrogatories, and answer was made to the effect, in substance, that as a result of an order of the Interstate Commerce Commission reducing certain freight rates, the Oklahoma Mill Company had been charged excessive rates to the extent of about $8,000 or $9,000 by the railway company in connection with certain shipments of the mill company, but that there had been no order by the Interstate Commerce Commission granting the mill company reparation on account of such excess charges, although as a result of the reduced rates ordered by the Commission such reparation would probably be due the Oklahoma Mill Company on proper application therefor.

Kingfisher College filed notice that it took issue with the garnishee on certain of its answers to the interrogatories, but so far as shown by the record there was no hearing in the trial court on this notice.

Subsequently to all of the above proceedings the Bob White Flour Mills, Inc., filed its motion to quash, vacate, set aside and hold for naught the order requiring the railway company to answer interrogatories and all of the garnishment proceeding.

After a rather extended hearing on this motion, the trial court overruled the same, but in its order made no attempt to finally dispose of the funds sought to be garnished. In fact, so far as the record shows, there has been no order made upon the garnishee other than the one requiring it to answer the interrogatories. The decretal part of the order on the motion to dissolve the garnishment reads as follows:

"It is therefore ordered, adjudged and decreed that said motion of the Bob White Flour Mills, Inc., be and the same is hereby in all respects overruled."

It is from this order that the Bob White Flour Mills, Inc., has attempted to appeal to this court.

It is obvious that the order appealed from

is merely an intermediate or interlocutory one, and does not affect the substantial rights of any of the parties involved in the particular proceeding.

The statutes of this state, with reference to appeals, provide that this court may reverse, vacate, or modify an order that discharges, vacates, or modifies a provisional remedy. C. O. S. 1931, section 528, subdivision 2.

No such order as specified in the statute is involved here.

This court, in the case of Martin et al. v. Farmer, 159 Okla. 210, 15 P. (2d) 11, held:

"We observe from the record in the case at bar that the proceedings in garnishment in aid of execution had not been carried to a final conclusion at the time the appeal was perfected. The order which defendant is attempting to review on appeal is an interlocutory matter, and an appeal will not lie therefrom until final judgment has been rendered affecting the subject-matter of said proceeding.

"In the instant case the judgment ordering the money in question paid to plaintiff or refusing to order it paid would be the final judgment in said matter, and an appeal prosecuted in this court before said final judgment was rendered is an appeal prematurely brought into this court. Such appeal will not lie."

See, also, Oklahoma City Land & Development Co. et al. v. Patterson et al., 73 Okla. 234, 175 P. 934.

The motion to dismiss the appeal is sustained. The appeal is dismissed.

The Supreme Court acknowledges the aid of Attorneys V. P. Broome, Joe Chambers, and B. C. Conner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Broome and approved by Mr. Chambers and Mr. Conner, this cause was submitted to a Justice of this court for examination and report to the court. Thereafter, upon consideration; this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.