## SAUNDERS et al. v. FIRESTONE.

No. 26623. Feb. 25, 1936.

R. H. Brown, for plaintiffs in error.

Sullivan & Marmaduke, for defendant in error.

PER CURIAM. This appeal comes to this court by petition in error, with case-made attached, from the district court of Stephens county, Okla., from an order denying a motion to dissolve an attachment.

Defendant in error, J. L. Firestone, plaintiff below, commenced an action in the district court of Stephens county against the plaintiffs in error, W. G. Saunders, doing business under the name of Tri-State Supply Company, and Ed Saunders, as defendants, seeking judgment in the sum of $4,454.40, based on a contract of employment. Upon an attachment affidavit, certain warehouses containing merchandise in the form of second-hand oil field equipment were attached, valued at $5,500.

The parties will be referred to herein as they appeared in the lower court.

On the same day the attachment was issued and served, the defendants filed a motion to discharge or dissolve it, upon which a hearing was held. At the conclusion of the hearing, the motion was overruled and denied in a written order by the court, in which it was said in part:

"In passing on the motion to dissolve attachment, the court does not take into consideration or pass upon the pleadings of the plaintiff in which they allege fraudulent transfer of the property, but leaves that question for the consideration of the jury."

Defendants urge two propositions to support their contention that the trial judge had erred in not sustaining their motion to dissolve, which will not be considered because this court has no jurisdiction to hear the appeal.

It plainly appears from the case-made that the main issues have not been determined in the lower court, and that the order appealed from is merely an intermediate or interlocutory order, made before final judgment,

and no appeal lies to this court from such an order. In Hodges v. Haller Proprietary Co., 96 Okla. 169, 220 P. 469, the district court, as in the case at bar, had overruled a motion to discharge an attachment, and it was held:

"An examination of the record discloses that no final judgment had been rendered at the time the appeal was filed; in fact, the record does not disclose that a final judgment has ever been rendered.

"This court held in the case of Snyder v. Elliott, 26 Okla. 856, 110 P. 784, that:

"'An order of the district court overruling a motion to discharge an attachment is not reviewable in the Supreme Court until a final judgment has been rendered in the case.'

"See, also, Garretson et al. v. Meeker et al., 76 Okla. 316, 185 P. 446.

"In Oklahoma City Land & Dev. Co. v. Patterson, 73 Okla. 234, 175 P. 934, this court announced the following rule:

"'An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action.'"

To the same effect are Brooks et al. v. J. R. Watkins Medical Co., 81 Okla. 82, 196 P. 956; Martin et al. v. Farmer, 159 Okla. 210, 15 P. (2d) 11; Henson v. Hays, 133 Okla. 59, 270 P. 1106.

Plaintiff did not file a motion to dismiss the appeal for want of jurisdiction, nor was the question raised in his brief, but it is a settled proposition that this court will determine for itself whether its jurisdiction to review a cause appealed has been invoked. In Alexander Drug Co. v. Holbert et al., 156 Okla. 198, 10 P. (2d) 412, the following was quoted with approval from In re Magnolia Petroleum Co., 138 Okla. 205, 280 P. 574:

"This court will determine for itself whether its jurisdiction to review the cause appealed has been invoked."

To the same effect is Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067.

It is therefore concluded that this court has no jurisdiction to review the order overruling the motion to dissolve the attachment, and the appeal will be dismissed.

Dismissed for want of jurisdiction.

The Supreme Court acknowledges the aid of Attorneys T. W. Arrington, Summers Hardy, and A. B. Honnold in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Arrington and approved by Mr. Summers Hardy and Mr. A. B. Honnold, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.