**John KEY, Plaintiff in Error,**

v.

**Eula Vernell KEY, Defendant in Error.**
**No. 40221.**

Supreme Court of Oklahoma.

Dec. 17, 1963.

Rehearing Denied Jan. 14, 1964.

James O. Braly, Durant, for plaintiff in error.

Louie Gossett, Durant, for defendant in error.

BERRY, Justice.

This is an appeal from a judgment of the district court modifying, after term, a prior judgment granting decree of divorce and approving a property settlement contract executed by the parties.

On October 20, 1961, plaintiff in error, hereinafter referred to as "plaintiff", filed suit seeking divorce from defendant in error. The petition alleged marriage of the parties in 1937 and subsequent birth of three children, all minors at the time the action was brought, and prayed for decree of divorce from the defendant wife upon grounds of neglect, mental cruelty and incompatibility, plaintiff being without fault. The petition also alleged the parties had agreed upon a property settlement, as well as upon the care and custody of the children.

On October 31, 1961, a waiver of summons was filed entering defendant's general appearance. Contemporaneously there was filed an instrument designated a "Contract", executed by both parties, the pertinent portion of which provided:

"It is hereby stipulated and agreed by and between the parties that the provisions of the divorce decree in the above captioned case will provide (1) that the defendant shall have the custody of the children during the school months and (2) the plaintiff will have their custody during the summer months of June, July, and August. The decree shall provide further that (3) the defendant shall have the furniture in the home and (4) the plaintiff shall have the tractor, cattle, hogs, and chickens. It is further agreed that the 'home place' shall be the property of the three minor children and that the plaintiff shall assume the current indebtedness against this property and will liquidate same and this shall not be a burden upon the defendant. In this regard it is agreed that the plaintiff may continue to live in this property as long as he desires. Further it is agreed that (5) the plaintiff shall pay to the defendant for the care and support of the minor children the sum of $60 every two weeks, said payment to begin two

weeks following the date of the divorce decree. It is further provided that (6) the plaintiff may retain the family automobile as his separate property. As regards the 'home place' it is agreed that this property shall not be sold or conveyed until the youngest child, Billy Allen, age 3, shall have reached his 18th birthday."

The same date the court's order and decree granting divorce to plaintiff as prayed was filed, which provided in part: " * * * that the parties have entered into a contract, the provisions of which are incorporated in this decree and made a part hereof as if copied verbatum * * * and the contract is hereby sanctioned and approved by the court, and all of the provisions of the contract are hereby given the same force and effect as if copied verbatum in this decree."

On November 28, 1961, "Application For Citation For Contempt" was filed in defendant's behalf, setting forth plaintiff's failure to comply with the court's order for payment of child support. Citation issued on November 30, 1961, directing plaintiff to appear on December 8, 1961, and show cause why he should not be punished for contempt. The record does not disclose disposition of this matter. However, on December 29, 1961, plaintiff filed "Application To Modify Decree" whereunder plaintiff alleged the child support payments had been made, but by reason of change of condition the payments should be reduced from $120.00 per month to $50.00 per month, and that plaintiff should be granted custody of the children. This matter was set for hearing on February 15, 1962.

Some time following filing of this application defendant, for the first time, secured legal representation. On February 9, 1962, counsel applied to the court for an order requiring plaintiff to deposit funds in court to cover attorney's fees, the defendant being without funds. Motion to quash and demurrer were filed at the same time, although the record does not disclose disposition of such pleadings.

However, on February 23, 1962, defendant filed answer and cross-petition, alleging she was not represented by counsel when the divorce was granted, and was without knowledge of the contents of the divorce decree until a copy was received from plaintiff's attorney; at the date of their marriage the parties owned no property and all property owned at the time of divorce was acquired during coverture, and was derived principally from gifts defendant received from her father; when suit for divorce was filed plaintiff advised her unless she executed the property settlement agreement he would take away her children, so the agreement was executed without consideration under the belief this was necessary to avoid losing her children. Further, that plaintiff had not made a payment on the home for three years, had not made an interest payment the past year, and had failed to pay the taxes when due; unless granted affirmative relief defendant feared the home would be lost, and the property was needed as a home for defendant and the children; that necessary expenses of the children were increasing and defendant was without funds to contest plaintiff's application. Defendant prayed for increase in the amount of child support payments, for custody of the children, and a decree setting over the property so she might have a home for her children, attorney's fees, costs and other relief.

The matter was tried by the court on February 23, 1962. Upon conclusion of the evidence the trial court entered judgment reducing the child support payments to $55.00 each two weeks, payable through the court clerk, awarded the home place to defendant free of indebtedness except for the note evidencing the original indebtedness, the plaintiff to pay the 1960 taxes and interest, and defendant to assume indebtedness and expenses thereafter; granted custody of the children to plaintiff for two months each summer during which time child support was not payable, and ordered plaintiff to pay defendant's attorney $50.00 attorney's fee.

Plaintiff thereupon filed motion for new trial and a motion to vacate the judgment upon the ground the trial court was without jurisdiction to modify the divorce decree in respect to the division of the property. These motions were overruled and plaintiff brought this appeal.

Plaintiff's argument for reversal of the judgment is presented under two propositions. Plaintiff urges first that under our statute, 20 O.S.1961 § 95, this Court will take judicial notice of the beginning and duration of the term of the district court. Upon this premise the second proposition concludes that the litigation involved in this appeal transpired during separate and distinct terms of the trial court, to wit: 1961 term and 1962 term. Inasmuch as defendant agrees such was the case, the basic issue herein to be considered is whether the district court had jurisdiction during the 1962 court term to modify the provision of the divorce decree entered at the 1961 court term relating to the real property described in the contract which was incorporated into the decree.

Briefly stated, plaintiff's argument is that under our decisions a judgment settling property rights upon granting of divorce becomes final, if unappealed from, and only can be vacated, set aside, or modified under the provisions of 12 O.S.1961 §§ 1031 and 1033, prescribing the procedural steps therefor. See Burtrum v. Burtrum, 184 Okl. 61, 84 P.2d 598; Kunc v. Kunc, 186 Okl. 297, 97 P.2d 771. Plaintiff contends that defendant failed to allege fraud or coercion, to verify her petition alleging fraud, to have process issued and served, and failed to prove fraud or coercion. Upon this basis plaintiff concludes that, because the divorce decree was unappealed from, the trial court was without jurisdiction to modify same, in absence of compliance with the enumerated statutory requirements.

The application to modify the divorce decree herein was filed by plaintiff on December 29, 1961, which was during the term at which such judgment was rendered. The trial court set the matter down

for hearing on February 15, 1962, upon plaintiff's motion. Thereafter defendant filed her verified answer and cross-petition, wherein she alleged matters bearing upon the manner in which the settlement contract, and the divorce decree were secured. Such allegations, if supported by evidence, were sufficient to justify the trial court in making findings as to the existence of fraud and coercion in securing the settlement contract and divorce decree.

It may be acknowledged without further discussion that our statutory procedure dictates substantial compliance with the requirements of 12 O.S.1961 § 1031, when a party seeks to vacate or modify a final judgment after expiration of the term at which rendered. The real question arising is whether the fact defendant's answer and cross-petition for relief was made in response to plaintiff's application, rather than by independent application or motion under 12 O.S.1961 §§ 1031 and 1033, precluded the trial court from exercising jurisdiction to hear and conclude such matters.

▪ The settled rule is that after term the trial court loses control over a judgment and is without jurisdiction to alter, vacate or modify same, unless there is substantial compliance with 12 O.S.1961 § 1031 et seq. Allen v. Allen, 201 Okl. 442, 209 P.2d 172, 14 A.L.R.2d 216, and authorities therein cited. And, in this case it is said:

"* * * We hold that in all cases where a party to an action seeks to correct, modify or vacate the judgment rendered therein after the term at which such judgment was rendered, whether his application invokes the inherent or statutory authority of the court, notice to the opposite or adverse party is essential in order to give the trial court jurisdiction to act. * * *"

▪ We are of the opinion the trial court properly considered defendant's pleading as a petition to modify the order and decree entered originally in the cause. This conclusion is reached by reason of the following matters as reflected in this record.

Although not precisely drawn, the pleading in question complied substantially with the requisites of Secs. 1031 and 1033, supra. The only statutory requirement not complied with (substantially) is that which requires issuance and service of summons upon the opposing party. However, this record discloses defendant was brought into court in response to plaintiff's summons, and neither party questioned the court's jurisdiction of their persons for all purposes.

The issues now sought to be declared beyond jurisdiction of the court to consider were raised by defendant's pleadings. Had plaintiff considered such matters irrelevant, or a departure from the issues raised by the application, the defendant's answer and cross-petition could have been reached by a motion to strike. See Baxley v. Timms (Okl.), 316 P.2d 871. Or, if plaintiff considered the answer and cross-petition as raising improper issues, then demurrer to defendant's pleadings would have required the trial court's consideration of the propriety of hearing matters involving the final judgment theretofore rendered. And, at the hearing plaintiff could have objected to introduction of any evidence touching any issue other than matters concerning support and custody of the minor children. The record fails to disclose any affirmative action by plaintiff questioning the trial court's authority to hear and determine other issues provoked by defendant's answer and cross-petition. Under these circumstances we are of the opinion the trial court properly considered the issues raised by the pleadings, and as to which both parties introduced their evidence, and plaintiff's objection on appeal as to lack of jurisdiction comes too late.

■ The substance of the pleadings raised the issue of the propriety of the settlement contract incorporated into the divorce decree. Without narrative review of the evidence, it is sufficient to say that this record compels the conclusion that plaintiff prevailed upon defendant, by coercion and undue influence, to execute a property settlement contract which was manifestly unfair. In this connection, the record adequately establishes the bulk of the property acquired during coverture was derived from gifts made to defendant by her father, which were used to purchase property owned by the parties at the time of divorce. A further, impressive fact is that the original hearing was uncontested, and at no time prior to the application to modify the decree was defendant represented by counsel. In such instances the rule announced in Syllabus 4 of Brasier v. Brasier, 200 Okl. 689, 200 P.2d 427 is applicable.

"By reason of the special confidential or fiduciary relation existing between husband and wife the opportunity of one to take undue advantage over the other exists, and any course of dealing between them settling property rights preparatory to securing a divorce is to be carefully scrutinized, and the slightest trace of undue influence or unfair advantage justifies a court of equity in setting aside a contract purporting to settle property rights."

In the opinion, 200 P.2d at page 432, we pointed out that an unjust advantage gained over the wife, by inducing her to execute an inequitable settlement, unfair upon its face, constitutes a legal fraud upon the wife sufficient to support the trial court's order modifying same.

■ We hold the trial court correctly found the settlement agreement, executed by defendant without advice of counsel, was improper and required modification. This was a matter within the trial court's discretion, exercised to promote the ends of justice. Donley v. Donley, 184 Okl. 567, 89 P.2d 312.

Plaintiff further urges reversible error in modifying the original divorce decree, by divesting the minor children of the real property awarded them in compliance with the settlement. This argument is made in view of the rule in such cases as Kunc v. Kunc, supra, and Burtrum v. Burtrum, supra, which holds that a di-

vorce decree settling property rights of the parties bars further action by either party relative thereto. We express no opinion whether plaintiff is a proper party to raise an issue concerning the propriety of the judgment placing title to the home in defendant, since this issue is determinable under other principles.

■ The original contract, incorporated into the decree, purportedly gave the home place to the minor children. For the children to have enforced their claim would have required them to assert their rights upon the ground they were third party beneficiaries within the meaning of 15 O.S.1961 § 29. However, in this connection we have held that property settlement contracts, entered into in contemplation of divorce by the parties thereto, are not considered contracts for the benefit of third parties within the purview of the statute, supra. In Berry v. Cooley, 188 Okl. 426, 109 P.2d 1081, Syllabus 3 states:

"Contracts entered into in contemplation of divorce by husband and wife providing for the support and maintenance of their minor children are not to be classed as contracts made expressly for the benefit of third persons within the meaning of section 9409, O.S.1931, 15 Okl.St.Ann. § 29."

The reasoning upon which the rule is based is twofold. First, such contracts are not entered into expressly for benefit of the minors as third parties. Rather, they are made expressly for the purpose of discharging the legal duty owed by the parents to support their minor children. Second, where the contract in reality is a complete conveyance the estate vests in the minors and their interest attaches at that time, so that the contract may not be altered without their consent.

■ A conveyance is an instrument used in alienation of real property. It is a written instrument containing within itself a written contract which has been delivered by the party to be bound, and accepted by the covenantee. Couch v. Addy, 35 Okl. 355, 129 P. 709. The description of the land conveyed must be so definite as to enable the land to be identified. Arbuckle Realty Trust v. Southern Rock Asphalt Co., 189 Okl. 304, 116 P.2d 912. The terms of the settlement agreement herein cannot be considered as a conveyance complete in every detail. It was nothing more than a written agreement executed in an effort to discharge the legal duty to provide support for the minor children. The language of the contract cannot be construed as constituting a conveyance of the property, and the divorce decree clearly did not have this effect. Upon this basis it is apparent the trial court was authorized to modify the original divorce decree in respect to the real property, by ordering that title to the particularly described real property be set over to the defendant.

■ Under the record herein we conclude the trial court, having jurisdiction of the parties, considered the pleadings as complying substantially with the requirements of Sec. 1031, supra, as a petition to modify the original decree after term. The order modifying the decree to the extent noted was proper upon the showing made, and was within the discretion of the trial court, whose decision is not to be disturbed on appeal, absent a clear showing of abuse of such discretion. A much stronger showing of abuse of discretion is required where a judgment is set aside than where the application to vacate the judgment is denied. Hill v. Hill, 197 Okl. 697, 174 P.2d 232; Donley v. Donley, supra. No reason appears why the judgment herein should be set aside.

■ Defendant's counsel has applied for an allowance of $300.00 attorney's fee for services in defending the present appeal. The record discloses counsel was allowed only a $50.00 fee by the trial court, and request for an additional allowance is not unreasonable. In view of the time and effort involved we believe allowance of $250.00 additional will compensate counsel. Thompson v. Thompson, Okl., 347 P.2d 799, Strauch v. Strauch, 196 Okl. 184, 164

P.2d 220. Defendant is granted an additional $250.00 for attorney's fees, and it is directed that such order be entered as a judgment in this case by the district court, to be enforced as other judgments in that court.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON and IRWIN, JJ., concur.