William J. GOLDFIELD, Plaintiff in Error,

v.

WESTERN SURETY COMPANY, a Corporation, Defendant in Error.

No. 41208.

Supreme Court of Oklahoma.

Sept. 27, 1966.

Rehearing Denied Jan. 31, 1967.

Harold B. Dane, Stigler, for plaintiff in error.

Wm. L. Peterson, Jr., Oklahoma City, William S. Horton, McAlester, for defendant in error.

HALLEY, Chief Justice.

On July 15, 1954, Western Surety Company, defendant in error, obtained a judgment in excess of $23,000.00 against William J. Goldfield, plaintiff in error, in the District Court of Pittsburg County, Oklahoma. This judgment was kept alive, but until the proceedings involved here, no property of plaintiff in error had been levied upon. The parties will be referred to as they appeared below.

For a complete understanding of the issues we have here, it will be necessary to set out in detail the pleadings and orders of the trial court.

On December 6, 1963, plaintiff filed in the trial court an "Affidavit for Garnishment after Judgment, Execution Unsatisfied," wherein it alleged that it had reason to believe that Charles L. Jenkins, James Doss and James Doss, as Trustee, as individuals, partners or joint venturers, were indebted to the defendant. The application requested the Clerk of the District Court to issue his order requiring the above named individuals to answer certain interrogatories attached to the affidavit. On the same date, the Clerk of the Court issued his order requiring the answering of the interrogatories, and further ordered the three individuals to pay no money to the defendant until further order.

The three individuals above named, hereinafter referred to collectively as "garnishee" duly filed their answers to the interrogatories. The answers indicated that a business arrangement existed between themselves and defendant and his wife, whereby defendant and his wife drew from "garnishee" the sum of $1,000.00 per month for engineering and other services performed by defendant and his wife in connection with the construction of a shopping center.

Defendant, on January 3, 1964, filed an affidavit setting out that he was an employee of "garnishee" and that due to the order and interrogatories served upon the "garnishee" his wages were being held up, and that all of the money being paid to him by the "garnishee" was necessary for the support of himself and his family. To this affidavit there was attached a schedule of his monthly expenses.

At the same time, defendant filed a Motion to Vacate Judgment, alleging therein that the judgment of July 15, 1954 was void on its face because the judgment recited that the defendant had failed to file an answer in the case; whereas, in truth and fact, an answer had been filed. Likewise, at the same time, defendant filed a Motion to Cancel Garnishment proceedings, alleging that the Order to Answer

Interrogatories propounded to the "Garnishee" and the order of the Clerk of the Court directing the "garnishee" to pay no money to defendant until further order was based on a void judgment and that the garnishment proceedings should be vacated.

On January 10, 1964, a hearing was held, at which time the trial court issued three orders. The first held that the judgment was not void on its face and that defendant was estopped at this late date to now question the judgment. The second order overruled defendant's Motion to Cancel Garnishment proceedings. Defendant gave his notice of intention to appeal to this Court with respect to these two orders. The third order directed the "garnishee" to pay to the defendant and his wife the sum of $825.00 per month, and to hold the sum of $125.00 per month until further order of the court. This order was to be effective from December 16, 1963.

On January 17, 1964, plaintiff filed its notice that it was taking issue with the answers filed by the "garnishee" to the interrogatories.

On January 20, 1964, defendant filed a motion entitled "Motion to Cancel Purported Garnishment," setting out therein that the order of January 10th was not issued according to law and that it went beyond the pleadings in the case as of that date and that it was also invalid for the reason that it ordered the "garnishee" not only to withhold from past earnings then due to the defendant, but also required the withholding of future earnings.

The trial court filed his findings and conclusions on August 7, 1964 wherein, after reviewing the pleadings, he held that the first order of January 10, 1964 was the main order and that notice of intention to appeal was given with respect to this order. That the second order was proper and that notice of intention to appeal was also given to this order. He held that the order issued by the Clerk of the Court was in error and void, and that the third order of January 10, 1964, was likewise in error, but that since the term of court in which the order was issued had expired, he could not now correct the order. He ordered all monies held by the "garnishee" prior to the date of the findings and conclusions to be paid into court.

Defendant's motion for a new trial was filed on August 13, 1964, at which time he also filed a motion for an order directing the Court Clerk to pay garnishment funds to the defendant.

On September 1, 1964, the trial court filed its decision in the case, wherein he reviewed the pleadings, held that the third order of January 10, 1964, was an appealable order, denied defendant's motion for a new trial, and overruled his motion with respect to the garnishment funds. This appeal, on the original record, by the defendant, followed.

Defendant contends that the third order of January 10, 1964, was not an appealable order, that it was in error because of its prospective nature, and that the court erred in not sustaining his other motions, above enumerated. Plaintiff, in substance contends that the third order of January 10, 1964 was a valid appealable order, which was not appealed from in time, and that defendant's other contentions are without merit.

■ Was the third order of January 10, 1964, a final order and appealable as such? We hold that it was. It required that the "garnishee" withhold monthly certain money due and owing to the defendant. This court in the case of Martin et al. v. Farmer, 159 Okl. 210, 15 P.2d 11, 12, held:

"In the instant case the judgment ordering the money in question paid to plaintiff or refusing to order it paid would be the final judgment in said matter" * * *

Title 12, Okla.Stat.1961, Section 953, defines a final order as follows:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a sub-

stantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reviewed, as provided in this article."

The order certainly affected a substantial right of the defendant as the $125.00 per month required to be withheld by the order was his money.

Though notice of intention to appeal to this Court was given, the record reflects that the appeal was abandoned. It follows then that the order of January 10, 1964, above referred to as the third order, became final.

■■ The record reflects that the trial court, after term time had expired, felt that the third order of January 10th was in error, but that he could not then correct it. This is true. As stated in Stevens Expert Cleaners and Dyers, Inc. v. Stevens (Okl.), 267 P.2d 998:

"A judgment of a trial court, unappealed from, is cloaked with such finality and solemnity, after term of court at which it was rendered, that it can be changed in no way except as permitted and in manner provided by statute. Title 12, Okla.Stat. 1961, Section 1031, et seq."

See also the case of Key v. Key (Okla.), 388 P.2d 505, where the same rule is laid down.

■ The statute above mentioned provides the methods by which a trial court may vacate or modify its judgments, at or after the term of court at which such judgment or order was entered. Section (1) of the above-mentioned statute provides for the granting of a new trial by the trial court within the time and in the manner prescribed by Title 12 Okla.Stat. 1961, Section 653. Defendant did file his motion for a new trial within time. It was overruled by the trial court, and properly so. The motion was directed solely at the substance of the third order of January 10, 1964, which, as we have set out above, was a final and appealable order. Defendant may not be allowed

to do indirectly what he failed to do directly. The filing of a series of motions by a party to a suit cannot re-invest either the trial court or this Court with the power to act, when the time for such action has long since expired. The failure of the defendant to proceed with his appeal as to the third order of January 10, 1964 created a situation from which this court is unable to relieve him.

In view of the above, it is unnecessary to rule upon the other issues raised by the defendant, as they are all contingent upon the third order of January 10, 1964.

Affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.