**CASUALTY CORPORATION OF AMERICA, a corporation, Petitioner,**

v.

**Charles L. OWENS, Judge of the District Court of Oklahoma County, Respondent.**

No. 55652.

Supreme Court of Oklahoma.

Nov. 12, 1980.

Lowell E. Clifton and Lawrence H. McMillin, Oklahoma City, for petitioner.

William C. Abney, Jr. and Don Manners, Manners, Cathcart, Lawter, Abney & Burke, Oklahoma City, for respondent.

MEMORANDUM OPINION

DOOLIN, Justice:

Plaintiff was granted default judgment in cause CJ–73–1333 in the District Court of Oklahoma County for an amount in excess of $200,000.00 against one Edward Lee Smith. Service in the lower court was had under the non–resident motorists statute, 47 O.S. 1971 § 391 et seq. as amended. Plaintiff commenced garnishment proceedings against Smith's insurance carrier, petitioner herein. Insurance carrier moved to dismiss garnishment action and when the Court overruled its motion, insurance carrier filed this action under Art. VII § 4 of the Constitution of Oklahoma, setting out various deficiencies, errors and irregularities in the issuance of process and prayed for writ of prohibition.

We assume jurisdiction but deny the writ under our discretionary power, finding to issue same at this time is not authorized under 12 O.S. 1971 § 952(b) 2 & 3. See *Bob White Flour Mills, Inc. v. Kingfisher College, et al.*, 175 Okl. 330, 52 P.2d 728 (1935). An adequate remedy of law will exist upon entering a final order in garnishment. Prohibition is not a matter of right from an order overruling a motion to dismiss or demurrer for an answer or amendment follows.

We are further of the opinion and note under *Jackson v. Welch*, 545 P.2d 1254, 1257 (Okl.1976) we held that *Thompson v. Liber-*

*ty Mutual Insurance Company*, 390 F.2d 24 (10th Cir. 1968) correctly reflects the right of a party such as this petitioner (garnishee) to contest or challenge jurisdictional defects in the judgment sued upon; cf. *Burrus Mill & Elevator Company of Oklahoma v. Kingfisher College*, 182 Okl. 220, 76 P.2d 906 (1938).

JURISDICTION ASSUMED; WRIT DENIED.

All the Justices concur.