Stella Lou PITMAN, Appellant,

v.

Ronald Lee PITMAN, Sr., Appellee.

No. 62072.

Court of Appeals of Oklahoma,
Division No. 2.

April 23, 1985.

Released for Publication by Order
of the Court of Appeals
May 23, 1985.

Albert R. Matthews, Bonds, Matthews, Bonds, Hayes & Matthews, Muskogee, for appellant.

Michael E. Kelly, Kelly and Howerton, Muskogee, for appellee.

REIF, Presiding Judge.

Wife appeals order finding she practiced fraud on Husband and vacating award of family residence to her. The trial court's order is affirmed.[1]

---

1. By agreement of the parties this appeal was placed on the Accelerated Docket for early disposition pursuant to Appellate Procedure Rule 1.203, 12 O.S.Supp.1984, ch. 15, app. 2. The matter was set for hearing and decision by the Court of Appeals, Division 2, on April 16, 1985. The parties waived oral argument, the case was stricken from the docket, and was decided in conference.

This controversy and the proceedings to resolve it arose from the "do-it-yourself divorce" of Husband and Wife. The questionable aspect of the property division as well as the considerable time and expense involved in litigating this dispute could have been obviated through the assistance of legal counsel at the outset. This case aptly illustrates the invaluable role of an attorney even in the "agreed, uncontested" divorces. Had the equities not dictated affirmance of the trial court's vacation of the property division, this court would have been inclined to leave these parties in the position brought about by their self-representation.

Unassisted by counsel, from examples she had seen, Wife prepared and typed a petition, general appearance and waiver of summons, and decree, at the school where she worked. Husband, also unassisted by counsel, testified he read the pleadings she prepared.

Husband admits he approved these instruments, but with two modifications. There is no dispute there was a mutual agreement to change the amount of child support, which is evidenced by a correction on the face of the petition and decree. However, he claims that he did not agree to give Wife the entire equity in the house. Husband alleges he also requested that the provision be changed to award each party one-half of the proceeds from the sale of the house. Husband further asserts Wife added a provision on a separate page stating that the real estate in the petition would not be disposed of without first notifying him and that the profits would be split with him. Husband contends that in reliance on this provision, he signed the general appearance and waiver of summons.

Wife filed a decree in March 1982, awarding her all household goods and furnishings, the home with the outstanding liability for the mortgage, a 1979 automobile and a 1975 pickup truck with the indebtedness owed on them, and her personal property. Husband was only awarded his 1967 pickup truck with camper, the tools of his trade, and his personal property. The disputed provision concerning the sale of the home and the division of the proceeds was not filed.

Wife admitted she did not think she gave Husband a copy of the decree as filed. He claimed he did not see a copy until around Christmas in 1982. After discovering there was no mention of his one-half equity in the residence, he obtained counsel to vacate the decree.

Wife first asserts that Husband did not raise the issue of fraud in his amended petition and motion for order nunc pro tunc to correct the property division. Wife alleges Husband abandoned his claim of an invalid decree procured by fraud because no mention was made of it in his second amended petition, therefore superseding his original petition.

■ This contention is without merit. The first amended petition expressly adopted all allegations of the initial petition. The second amended petition merely inserted a sentence between the first and second paragraph of the amended petition. The express reference to the amended petition sufficiently incorporated the previous allegation of fraud.

■ Absent a showing of a clear abuse of discretion, a decision to vacate by the trial court will not be disturbed on appeal. Further, a much stronger showing of abuse of discretion is required where a judgment is set aside for fraud, than where the application to vacate the judgment is denied. *Key v. Key*, 388 P.2d 505, 511 (Okla.1963).

The disputed provision concerning this division of equity was admitted at the hearing on the motion to vacate. It was on a separate page, was in the same type as the petition, waiver, and decree, and was dated February 19, 1982, the date the petition was filed. It was unsigned, but the signature line had Wife's name typed under it.

At the motion to vacate, Wife denied that there was an agreement to divide the equity of the house when sold. Yet she testified that they had agreed if she remarried

or sold the house, they would split the profit. When questioned on whether she typed the provision, dated February 19, 1982, stating that she would not dispose of the real estate without first notifying Husband and that the profits would be split accordingly between them, Wife testified she wrote it but she did not remember typing it.

Wife testified that the discussion concerning the provision in the divorce decree regarding the division of equity in the house occurred months after he read the proposed petition, waiver, and decree, and after the final decree was entered. She further testified the discussion transpired after she asked him to pay some bills and promised to give him one-half interest in the equity. This testimony appears to be impeached by her deposition, in which she apparently testified that the conversation took place before the final decree was filed. The equity in the house was to be limited to the amount at the time of the divorce.

In *Wilson v. Hartman*, 545 P.2d 742, 745 (Okla.1976), the husband sought enforcement of his property rights where the decree did not specifically divide the property. He contended the petition informed the court of an agreed property settlement. The husband further alleged that this settlement was tacitly approved by the finding in the decree that all material allegations in the wife's petition were true. The wife admitted signing the verified petition, but did not appear in court or see the decree until after it was entered. The court stated:

> [The wife] is unequivocal in her denial of the existence of any agreement or of any intention on her part to relinquish her interest [in jointly owned tracts]. When she left the home she took only her personal belongings and $500.00 in cash. It is unbelievable, as well as unproved, that she would intend this to be the total property settlement after nineteen years of marriage.

In *Key v. Key*, 388 P.2d 505, 510 (Okla. 1963), the court held that *any course of dealing* between spouses settling property

rights in preparation of securing a divorce *is to be carefully scrutinized,* and the *slightest trace of undue influence or unfair advantage justifies equitable relief* in setting aside such a property division. The court in *Key* was impressed by the fact that the divorce proceeding had been uncontested and that the party moving to vacate the property division was unrepresented. *See also Bradshaw v. Bradshaw,* 578 P.2d 762 (Okla.Ct.App.1977), where the court found the most important indicator of fraud or unfair advantage was the fact that the party seeking to vacate the property division received practically nothing in comparison to what the other spouse received.

■ Focus should be made on the fairness of the property division. In *Holt v. Holt,* 23 Okl. 639, 667, 102 P. 187, 198–99 (1909), the court stated whenever one party obtains a benefit from a mutual transaction, equity raises a presumption against its validity, and the burden is cast upon the party asserting it to affirmatively prove that equitable requisites were met. The court held this requires a showing that there was full and fair explanation and communication between the parties and the party seeking to enforce the benefit acted in good faith.

■ Husband, unrepresented by counsel, received practically nothing in comparison with Wife under the pleadings and decree prepared by her. Husband has made a plausible showing he agreed to the divorce in reliance on the provision regarding the division of the equity of the house to be included in the decree. The record reveals he did not agree or intend to completely relinquish his joint rights in the family residence. Wife, who received the benefit of the only major asset of their seventeen and one-half year marriage, did not meet her burden to affirmatively show that she procured the uncontested divorce decree containing the property division in good faith.

Under the facts, circumstances, and equities of this case, the trial court did not

abuse its discretion and properly vacated the property division of the divorce decree concerning the family residence.

AFFIRMED.

BACON and MEANS, JJ., concur.